## TOMPKINS vs. ELLIOT.

Where there are *mutual covenants,* and the defendant has received the *principal part* of the consideration for the engagements on his part, the covenants of the parties will be construed to be *independent,* and the plaintiff will be allowed to maintain an action for the breach of the defendant's covenants, although he has failed in performance on his side.

Thus *it was held* where a plaintiff transferred to the defendant his right to put in a crop on 90 acres of land cleared by him, although he failed in finishing the clearing and fencing the land as fast as the defendant required it for sowing, as he had engaged to do by the articles of agreement.

Rules for the construction of covenants, when they shall be considered *dependant* or *independent.*

DEMURRER to plea. In March, 1828, the parties entered *into a written agreement,* by which the plaintiff transferred to the defendant all his right to the first crop of ninety acres of land cleared by the plaintiff for General Morgan Lewis, and agreed to have the land cleared and fenced as fast as the defendant should require to sow, and to take all the young cherries and elders off of the land ; and if he failed to clear and fence the land as fast as the defendant should require, he agreed to pay the defendant all the damages he should sustain. The defendant, on his part, agreed to pay the plaintiff $300 on or before the 15th April, 1829, with interest from the middle of October, 1827, to be paid in grain at the Delhi cash price. There was a stipulation in the agreement that if the defendant did not see proper to pay the grain on 15th April, 1829, the plaintiff would wait one year longer upon receiving notes with good security for the money ; and that the plaintiff should hold 1000 bushels of grain that should grow on the ground, until 15th April, 1829. In May, 1829, the plaintiff brought his action of covenant, alleging that the defendant had not paid the sum of $300, or given note with security. The defendant craved oyer of the agreement, and after setting it forth, pleaded, 1. *Non est factum,* and 2. That the plaintiff did not have the 90 acres of land cleared and fenced as fast as he required to sow the same ; nor did he

take all the young cherries and elders off of the 90 acres; nor had he paid to the defendant all the damages which he had sustained thereby. To the second plea the plaintiff demurred.

*J. A. Spencer*, for plaintiff.

*S. Sherwood*, for defendant.

*By the Court*, SAVAGE, Ch. J. The question is whether the performance of the plaintiff's part of the agreement was a condition precedent to the payment by the defendant, or whether the covenants are mutual and independent. It has been well remarked by Sergeant Williams, in his note to *Pordage* v. *Cole*, 1 *Saund.* 320, *n.* 4, that almost all the old cases, and many of the modern ones on this subject, are decided upon distinctions so nice and technical, that it is very difficult, if not impracticable, to lay down any general principle by which to determine what covenants are *independent* and what *dependant.* The only cardinal rule is, to construe covenants according to the meaning of the parties and the good sense of the case. To ascertain that intention, some general rules are deduced from adjudged cases. 1. If a day be appointed for the performance of any act, and such day is to happen or may happen before the performance of the act which is the consideration for the first mentioned act, then the covenants are considered mutual and independent, and an action may be brought without averring performance of the consideration; for it appears that the party relied upon his remedy, and did not intend to make the performance a condition precedent; and so it is when *no time* is fixed for the performance of the consideration. 2. But when the day appointed for the payment of money or performance of an act is to happen after the thing which is the consideration is to be performed, no action can be maintained before performance of the condition. 3. Where a covenant goes only to part of the consideration on both sides, and a breach of such covenant may be paid for in damages, it is an independent covenant, and an action may be brought for a breach of the

covenant by the defendant without averring performance; and when a person has received part of the consideration for which he entered into the agreement, it would be unjust that, because he has not had the whole, he should therefore be permitted to enjoy that part without either paying or doing any thing for it; and therefore the law obliges him to perform the agreement on his part, and leaves him to his remedy to recover damages for not receiving the whole consideration. 4. But where the mutual covenants go to the whole consideration on both sides, they are mutual conditions and dependant. 5. Where two acts are to be done at the same time, neither party can maintain an action without shewing performance or an offer to perform his part.

The doctrine of mutual and independent covenants has been applied in some cases in England and in this court to cases where work was to be done and money paid by instalments as the work progressed; and it was held that because the defendant had agreed to pay part of the money before the whole work was done, that the covenants throughout were mutual and independent, and the plaintiff who was to do the work might sue for the money without shewing performance of the work. Such was the decision in *Terry* v. *Duntze, 2 H. Bl.* 389, and in *Sears* v. *Fowler, 2 Johns. R.* 272, and *Havens* v. *Bush, 2 Johns. R.* 387. But this court seeing the injustice of such doctrine, was led to review those cases in *Cunningham* v. *Morrell, 10 Johns. R.* 203, when they came to the conclusion that the cases just mentioned were erroneously decided; and held, that in a case where the contract was to pay as the work progressed, the party prosecuting for the pay must shew that the work was done, or if he sought a part payment, he must shew a part performance.

Those cases seem to me not like this case. There the parties had said that the money should be paid in proportion as the work progressed; and when the court said the money should be paid before the work was done, or any part of it, they were making a new contract for the parties, which was not so reasonable as that which they had made for themselves. In this case the defendant covenants to make payment by a certain day; the consideration for this covenant consists

of 1. a conveyance by the plaintiff to the defendant of a right to the first crop on 90 acres of land which had been cleared by the plaintiff; and 2. a covenant to finish the clearing and fencing the ground, and taking off certain bushes as fast as the defendant should want to sow; and a further covenant to pay the damages if the plaintiff failed in performing his agreement. It seems, therefore, that the defendant did not intend to rely upon the previous performance by the plaintiff, but upon his covenant. A day certain is also fixed for the payment, but *non constat*, that the defendant wished to sow the ground before that time. And again, the principal part of the consideration he had received—the right to the first crop—and it would be unjust that the plaintiff, by failing to clear according to contract one acre of the ninety, should lose the whole $300. For these reasons, I am of opinion, that the intention of the parties was, and such is the true construction of the contract, that the covenants are mutual and independent. Of course the plea is bad, and the plaintiff is entitled to judgment on the demurrer, with leave to defendant to plead anew on payment of costs. See 7 *Johns. R.* 250. 1 *H. Bl.* 272.