## WOODWORTH *vs* CURTISS.

Where a party has entered into an agreement to deliver property on demand to another, and he to whom it is to be delivered is at the time of the delivery to do an act on his part beneficial to the first, if the party who is to deliver the property has received *part of the consideration* for his promise, and *refuses to perform*, the other may bring his action for such non-performance, without averring performance, or readiness, or offer to perform, on his part; the promises in such case being considered *independent.*  Thus, where A. had received a transfer of the interest of B. in certain real estate, in consideration whereof he entered into an agreement to deliver a carding machine on demand to B., who on delivery thereof, agreed to give his note to A. for a certain quantity of wheat, and A. refused to perform his agreement, *it was held*, that B. might maintain an action against him for the non-performance, without averring performance, or a readiness or offer to perform on his part.

The measure of damages in such case, *it seems*, is the value of the property agreed to be delivered, deducting therefrom the value of what the party bound to deliver would have been entitled to demand from the other contracting party.

THIS cause came before the court on a motion by the defendant for a *new trial;* and at the same time a *motion in arrest* of judgment was presented.  The action was assumpsit. The plaintiff declared on an agreement made on the 10th February, 1826, whereby the defendant, in consideration of a certain article for a water lot in the village of Rochester, designated as No. 10, transferred by the plaintiff to the defendants, agreed to deliver and sell to the plaintiff one of three double carding machines, which the defendant then had on hand, and which had been in use one year only ; the plaintiff to have

his choice out of the three machines, and the machine to be de-
livered to the plaintiff in Rochester, when called for. The plain-
tiff agreed, on the delivery of the machine, to give to the de-
fendant his obligation for 130 bushels of merchantable wheat,
to be delivered in the village of Rochester on or before the fif-
teenth day of February, then next. After setting forth the
agreement, the plaintiff averred that he had performed and
fulfilled the agreement on his part and behalf, as he was bound
and required, by the terms of the agreement, to perform and
fulfil; that on the 29th December, 1826, at the village of
Rochester, he called for, and demanded of the defendant, one
of the double carding machines mentioned in the agreement,
and that the defendant neglected and refused to perform his
agreement, by delivering one of the machines to the plaintiff.
The defendant pleaded non-assumpsit, readiness to perform,
offer of performance, and tender ; the plaintiff took issue upon
the several pleas, and the cause was tried in Monroe, before
the Hon. ESEK COWEN, one of the circuit judges. After the
plaintiff rested, the defendant moved for a nonsuit, which was
denied by the judge, who charged the jury, that if they were
satisfied that a demand of a carding machine had been made
by the plaintiff, and that there had been a refusal by the de-
fendant, the plaintiff was entitled to recover; that what was
said or done after such demand was immaterial ; and he fur-
ther instructed them that they might allow the plaintiff the
value of the best machine at the time of the demand, deduct-
ing therefrom the value of the wheat to be delivered by the
plaintiff, according to the contract. The jury found a verdict
for the plaintiff for $360,21. The cause was submitted on
written arguments.

*H. Humphrey & J. H. Gregory,* for the defendant, insisted,
in support of the motion for a new trial, 1st. That the judge at
the circuit ought to have nonsuited the plaintiff, on the ground
that the plaintiff's testimony had supported one of the pleas of
the defendant, viz. an offer to deliver to the plaintiff a carding
machine, in compliance with the agreement; 2d. That cer-
tain evidence offered by the defendant, and excluded by the
judge, ought to have been received; and 3d. That the judge

NEW-YORK,
May, 1831.

Woodworth
v.
Curtiss.

erred in his charge to the jury. In support of the motion in *arrest of judgment*, they urged that the plaintiff was not entitled to recover, as he had not averred that at the time of making the demand of the carding machine, he *tendered*, or was *ready and willing* to give the defendant the obligation for the wheat, which, according to the agreement, was to have been given *on delivery* of the machine.

*O. Butler & A. Samson*, for plaintiff.

The opinion of the court was delivered by the Chief Justice, who, after reviewing the testimony in the case, came to the conclusion that the motion for a nonsuit was rightly refused; that the judge correctly excluded the evidence offered, being parol proof, the object of which was to contradict a written instrument, and expressed his approbation of the charge given to the jury, observing that he did not understand the circuit judge as saying that any thing which might have been done by the defendant would have been immaterial, but that any thing which he had done was unavailing, to relieve him from his responsibility; and again recurring to the facts of the case, expresses his opinion that what took place subsequent to the demand and refusal, did not change the rights of the parties, and concludes that there is no ground for a *new trial.* He then states the question on the *motion in arrest,* and proceeds as follows :

Covenants have been considered as properly divisible into three classes: 1st. Such as are mutual and independent of each other; 2d. Such as are dependent, where the performance of one depends on the prior performance of the other; 3d. Covenants which are mutual conditions to be performed at the same time. Doug. 690. Willes, 157, n. 6 Cowen, 297. 5 Bos. & Pul. 240, n. 1 Saund. 320, n. 1 Chitty, 309, 10. In cases arising under the first class no averment, either of performance or of readiness to perform, on the part of the plaintiff is necessary. In cases coming within the second and third classes, such averment is necessary, either of actual performance, or an offer to perform, or of a readiness to perform, according to the nature and good sense of the contract itself

The principal difficulty in a proper application of the rule to any given case, consists in ascertaining whether such case belongs to either of the above classes, and if to either, to which of them. Sergeant Williams, in his learned note to *Pordage* v. *Cole*, 1 Saund. 320, n. 4, has laid down some rules to aid in ascertaining the true construction of contracts, so far as to determine when performance must be averred : one of which is, that where a covenant goes only to part of the consideration on both sides, and a breach of such covenant may be paid for in damages, it is an independent covenant, and an action may be maintained for its breach, without averring performance in the declaration. *Boon* v. *Eyre*, 1 H. Bl. 273, n. So also, where part of the consideration has been received by the defendant, for which he entered into the agreement, it would be unjust, that because he has not had the whole, he should be permitted to enjoy that part without either paying or doing any thing for it. *Campbell* v. *Jones*, 6 T. R. 570.

I do not deem it necessary to examine the numerous cases which have been decided relating to the subject of covenants and conditions ; but few of them relate particularly to the kind of contracts now before us ; and some of those I recently had occasion to refer to, in the case of *Tompkins* v. *Elliot*, 5 Wendell, 496. In the case under consideration, the plaintiff had performed the principal part of the contract on his part when the contract was entered into ; he had assigned his interest in a certain lot. Had this been the only consideration for the carding machine, clearly no averment of performance, other than a general averment of performance, would have been required. On the other hand, had the contract been, that on the delivery of the machine, the plaintiff should assign the lot and give his obligation for the wheat, then the averment of an offer to perform, or at least a readiness to perform, must have been averred. This, therefore, is a mixed case ; it does not belong to either of the three classes of cases where the rule as to the averment is applied without difficulty ; but it falls clearly within the principle of the case of *Campbell* v. *Jones*, 6 T. R. 570. There the plaintiff agreed, in consideration of £500, to instruct the defendant in the art of bleaching, and to permit him to use his, (the plaintiff's) improved method of preparing

NEW-YORK,
May, 1831.

Woodworth
v.
Curtiss.

NEW-YORK, materials for making paper. £250 had been paid, and the
May, 1831. action was brought for the other £250, which was to have
Woodworth been paid on or before a particular day. The declaration was
v. demurred to because there was no averment that the plaintiff
Curtiss. had instructed the defendant in the art of bleaching. The
court overruled the demurrer on two grounds; one was that
the money was to be paid on a particular day, or before that
time; and the other was, that the teaching was not the
whole consideration of the covenant. The defendant had re-
ceived a part of the consideration, the right to use the plain-
tiff's patent, and the instruction could not be taken to be the
most material part of the consideration. So, here, the defend-
ant received from the plaintiff the assignment of the article for
the water lot, and the court cannot suppose the wheat to be
the most material part of the consideration; particularly in this
case, after verdict, when the court see that the assignment of
the water lot was much the most material part of the conside-
ration; the case is made stronger for the plaintiff than that of
*Campbell* v. *Jones.* There is another distinction in favor of
this case. There the teaching was to precede payment; here
the giving the note for the wheat was to secure the delivery of
the machine; or rather, they were to be concurrent acts. But
the same rule is applicable to both. There it was not neces-
sary to aver performance; here it was not necessary to aver
readiness to perform.

The cases referred to in this court are all cases of dependent
covenants, where performance on both sides were to be concur-
rent acts, or cases of mutual and independent covenants, ex-
cept *Bennett* v. *Pixley,* 7 Johns. R. 249, which I am unable to
distinguish from the present, in principle. There the defend-
ant's testator covenanted in consideration of $400, then paid,
to convey a certain piece of land by the 1st of December, then
next; and if the land should be appraised at more than $400,
the same was to be paid by the plaintiff; if less, the difference
should be refunded to the plaintiff. In a declaration on this
covenant it was objected on demurrer, that there was no aver-
ment of readiness to pay the balance, upon appraisement,
and the court said, that assuming there was a covenant to pay,
beyond the $400, yet it only went to part of the consideration;

and the rule is settled that where mutual covenants go only to a part of the consideration, and a breach of that part may be paid for in damages, the defendant shall not set it up as a condition precedent, and the same cases are referred to which have been cited above.　1 H. Bl. 273, n.　6 T. R. 570. If, in the case of *Bennett* v. *Pixley*, the covenant could not be set up as a condition precedent, neither can the agreement in this case, to give the obligation for the wheat be considered as dependent.　If an averment was not necessary in one case, it is not in the other.

Motion for new trial, and in arrest, denied.