Nov. 1839.

Merchant
v.
Rawson and
others.

---

## MERCHANT vs. RAWSON and others.

A entered into an agreement with B, dated June 8, 1836, to erect a block of stores, to be completed on or before May 1, 1837, except certain things which were to be completed in the year 1837, and certain other things which were to be completed by June 8, 1838. B, on his part, agreed to take a lease for ten years of the buildings, on or before May 1, 1837, if the same were so far completed by that time as the agreement required. B did take and execute a lease on February 3, 1837, with a clause holding the contract obligatory. A failed to comply with the agreement, so far as to neglect doing what was required to be done on June 8, 1838. B gave A notice that he should consider the lease and agreement rescinded in consequence of such failure, and abandoned the premises, and filed a bill to cancel the lease und agreement.

Nov. 1839.

Merchant
v.
Rawson and
others.

Held that the covenants in the agreement were independent; and that B, having accepted the lease, could not abandon it or the agreement, but must be left to his remedy against A, upon his covenant in the agreement.

The reference of the lease to the agreement, does not operate to make the covenants in the agreement dependent.

THE pleadings and proofs in this cause shew substantially the following case: On the 8th day of June, 1836, the defendant Rawson entered into a written agreement with the complainant, in which, after reciting that Rawson was then erecting a brick building on Main and Cottage streets, in Lockport, Rawson covenanted on his part to construct said building, generally, according to a contract for that purpose made between him and one Harwood, and that it should be partitioned off with a gallery as near as might be upon or after the plan of the same made by S. G. Hamilton, and would build a cellar under the side-walk on Main-street, and, within two years, another cellar forty feet long, under the side-walk on Cottage-street, attached and belonging to said building, with a variety of other provisions relating to the details of the work to be done, both on the interior and exterior of the building, and the mode of doing it, concluding with this clause: " And will " complete the whole building in a good, workman-" like manner, equal in general to Rogers & Brown's " Block, or cause the same to be so finished, on or " before the first day of May next, except the dig-" ging and building of the cellar under the side-walk " on Cottage-street, and that he will, in like man-" ner, complete within two years from this date; " and except the painting and pencilling of the outside " walls on Main and Cottage streets, and that said " Rawson will have completed in 1837."

And Rawson further covenanted " that upon the
" completion of said building as aforesaid, except said
" cellar on Cottage-street, and said painting and pen-
" cilling of the said walls; and on or before the first
" day of May next," he would execute to Merchant
a lease of said premises for the term of ten years
from the 1st day of May next, at the yearly rent of
$1,000 for the first three years, and $1,200 for the
remaining part of the term. The complainant also
covenanted on his part, to execute the same lease.
One thousand dollars was to be paid as liquidated
damages by the party failing to perform on his part.

On the third day of February, 1837, the lease was
executed by both parties, in pursuance of the pro-
visions of the agreement. It is in the usual form of
a lease, but containing the following clause : " And
" it is also further hereby expressly understood and
" agreed by and between the parties aforesaid, that
" the making of this lease at this time, is not to, in
" any way or manner, or under any pretence what-
" ever, affect the rights, liabilities, or 'obligations of
" the said parties, or either of them, as mentioned
" and expressed in the said covenant, contract, or
" agreement so made and entered into by and be-
" tween them as aforesaid ; but the said covenant,
" contract, or agreement, and the several engage-
" ments, stipulations, or covenants therein mentioned
" and contained, on the part and behalf of the said
" parties, and of each of them, are to, may, and shall,
" be and remain of the same force, tenor, obligation,
" and effect, and be equally obligatory and binding
" upon the said parties and each of them, and to the
" same extent, as if this lease or indenture had not
" been made and executed."

Nov. 1839.

Merchant
v.
Rawson and
others.

The complainant entered into possession under that lease. On the 22d of April, 1837, Rawson, having become insolvent, assigned all his property to the defendants Bagley and Caverno, in trust for the payment of his creditors. The cellar under the side-walk on Cottage-street, not having been completed on or before the 8th day of June, 1838, the complainant, on the 9th day of June, 1838, gave a written notice both to the defendant Rawson and his assignees, that for this failure or default he abandoned and rescinded the lease and agreement, and should vacate the premises. He commenced removing the same day, and in a few days wholly vacated the premises, and tendered the key to one of the assignees. He now files this bill to have both the lease and agreement cancelled. There was some proof taken as to the value of the cellar under the side-walk, and as to the expense necessary to complete it. The yearly value is not greater than $100 per annum; and the expense of completion would vary from $100 to $300, according to the mode adopted. There was also some proof as to the acceptance of the key by the assignees.

*J. L. Curtenius,* for complainant.

*A. C. Bradley,* for defendants.

THE VICE CHANCELLOR. The counsel for the complainant contended that the clause in the lease in relation to the antecedent agreement, had the effect to incorporate the agreement with, and to make it a part and substance of, the lease. It was doubtless prudent, as all the covenants in the agreement had not been performed, to insert this clause in the

lease, as evidence that the performance of the unfinished work was not waived or abandoned. As the lease was dated in February, it is probable that the building itself was not at that time completed so far as it was agreed to be before the lease was to be executed ; and if such was the case, the tenant might well fear that an acceptance of the lease would waive his right to enforce the completion of the building according to the agreement. At least, it was a prudent clause in the lease ; and its insertion only shews that the parties intended, on either side, to insist upon the performance of the agreement according to its conditions. In the view of the case which I take, it is entirely immaterial whether the antecedent agreement was incorporated into, and made part of, the lease by this clause, or not. The case must turn upon the construction to be given to the agreement, in either event. It is likewise immaterial whether this side-walk cellar was of little or considerable value to the complainant. It is sufficient that he stipulated to have it done, and that the defendant Rawson covenanted to do it ; and it is certainly no protection to the defendants to say that its completion was of little or no value to the complainant. The case, as I remarked before, must turn upon the construction given to the agreement ; and it involves a consideration of that much discussed question, what contracts are *independent,* and what *dependent.* Modern decisions have discarded the niceness and technicality with which some old cases would trammel such questions. There has been brought to the decision of modern cases, a degree of common sense which has enabled the courts to lay down some clear and general rules for the construction of covenants

of this character. I do not propose to repeat, but rather to apply them. They may, however, be found clearly stated by Chief Justice Savage, in Tompkins *vs.* Elliott, 5 Wendell Rep. 496. The great cardinal rule is to construe covenants according to the meaning of the parties and the good sense of the case.

In this case, Rawson covenanted to erect a building, and the complainant covenanted to rent it of him for a certain time. Rawson's covenant comprises a great variety of details : he was to have the building in a certain state of forwardness by the 1st of May, 1837, when the complainant was to take his lease and enter into possession. Rawson was to do certain other things in the summer of 1837 ; and he was to build the side-walk cellar under Cottage-street, before the 8th of June, 1838. In point of time there were some things to be done by Rawson, then other things to be done by the complainant, then other things to be done by Rawson. We are to assume that all these things were done in the order, at the time, and in the manner required by the terms of the contract, except the construction of the side-walk cellar. The complainant, by taking his lease and entering into possession, admits that the contract was fulfilled up to that time. Is there any thing in this case to lead us to the belief that it was the intention of the parties, in making the contract or the lease either, that the payment of the rent accruing under the lease after the 8th of June, 1838, was to *depend* upon the completion of the side-walk cellar? For, at this point of time, this is the only dependence there can be between the covenants of either of these instruments. Is there any thing in the case to lead us to the belief that it was the intention of the parties,

in executing either instrument, to make the completion of the side-walk cellar a condition precedent to the payment of rent accruing under the lease after 8th of June, 1838? The good sense of the case will lead any one, upon a moment's reflection, to a different conclusion. The complainant, by taking the lease, fulfilled the contract wholly on his part; and it is absurd to say that an act to be done after that, is a condition precedent to a thing already performed. The parties evidently, at the time of making the contract, considered that it would be substantially performed upon the erection and completion of the building, so far as it was provided to be done by 1st May, and the mutual execution of the lease; and that as to the work thereafter to be done, the complainant relied upon Rawson's covenant, and to that he must look. Besides, if the complainant's view of the case as to the dependence of the covenants in the two instruments, is correct, it affords him an ample and complete defence at law, in the suit instituted upon the lease for the recovery of the rent; and he has no occasion to come into this court. Neither does Rawson's insolvency furnish any ground for relief to the complainant. The contract was entered into by the parties, at the reciprocal hazard of the insolvency of the other party. From the proofs in the case, I infer that Rawson would have suffered much more by the insolvency of the complainant, than the complainant can by the insolvency of Rawson; yet, this was a risk which Rawson incurred in erecting an expensive building, to secure the supposed advantages of a long and favorable lease. The complainant is therefore in an error in supposing that he can rescind

17

*Nov. 1839.*

and abandon the lease and contract under the circumstances in which he claims to do it.

The only remaining point to be considered is, whether the assignees actually accepted the surrender of the premises. I shall dismiss this with the single remark that, in my opinion, the proof does not substantiate the acceptance of the surrender. The complainant's bill must be dismissed with costs to be taxed.