### BAILEY, USE, &C. V. WHITE.

1. The defendant covenanted to pay to the plaintiff a certain sum of money on a day
designated, if the latter would deliver to him possession of the plantation on
which he then resided, on a previous day; *provided*, that the defendant might
discharge his obligation to pay the money, by permitting the plaintiff to retain
the possession of the plantation until the day of payment arrived : *Held*, 1.
That the covenant to pay the money was *dependent*, and a delivery of the
possession of the plantation, or something equivalent should have been alleged
in the declaration. 2. If the obligation to pay was discharged by the permis-
sion to occupy, the defendant should have shown it, *in his defence.*

Writ of error to the Circuit Court of Cherokee.

THE plaintiff in error declared against the defendant, in cove-
nant, upon a writing obligatory, executed on the thirty-first day
of July, 1835, for the payment of two hundred dollars, on or

before the first day of January, 1837.   The defendant craved
oyer of the writing sued on, set it out *in extenso,* and demur-
red.   The writing is as follows:  " On or before the first of Jan-
uary, eighteen hundred and thirty-seven, I promise to pay to
Wm. Bailey, two hundred dollars, on condition that the said
Bailey gives me or my executors, or assigns, possession of the
plantation where he now resides, on the first of January, eigh-
teen hundred and thirty-six, which is the agreement between
said Bailey and myself, for which he has given me a deed of
conveyance.   But on the contrary, should I permit the said
Bailey to remain on the plantation until the first of January,
eighteen hundred and thirty-seven, then the above bond to be
null and void.   Given under my hand and seal.

July 31st, 1885.          JOHN A. WHITE, [Seal."]

The Circuit Court sustained the demurrer, and rendered a
judgment against the plaintiff for costs.

Moore, for the plaintiff, cited 2 Stew't & P. Rep. 60 ; 7 Por-
ter's Rep. 133 ; 1 Chitty's Plead. 353–4 ; Glazebrook v. Wood-
row, 8 T. Rep. 366.

Phelan, for the defendant, relied upon 1 Chitty's Plead. 353 ,
to show that the delivery of the possession of the plantation,
was a condition precedent to the liability to pay the sum sought
to be recovered.

COLLIER, C. J.—Covenants are either *dependent, concur-
rent,* or *mutual and independent.*   The first depends on the
prior performance of some act or condition, and until the con-
dition is performed, the other party is not liable to an action on
his covenant.   In the second, mutual acts are to be performed
at the same time, and if one party is ready, and offers to per-
form his part, and the other neglects, or refuses to perform his,
he who is ready and offers, has fulfiled his engagement, and may
maintain an action for the default of the other, though it is not
certain that either is obliged to do the first act.   The third sort
is, where either party may recover damages from the other for
the injury he may have received by a breach of the covenants
in his favor ; and it is no excuse for the defendant to allege a
breach of the covenants on the part of the plaintiff.   Platt on

Cov. 71 ; 7 Petersd. Ab. 105; Pordage v. Cole, 1 Saund. Rep.
319, 320, note 6.

Though rules have been laid down, by which to test the
character of covenants, yet it is said to be difficult to furnish
any clear and precise rule by which the distinction between
covenants and conditions can be accurately ascertained. Some
of the old cases recognised distinctions too nice and refined to
be understandingly applied, running counter, it is said, to the
meaning of the parties, and the real justice of the case ; but the
rule laid down by Lord Mansfield, and now established, is,
that the dependence or independence of covenants, is to be col-
lected from the evident sense and meaning of the parties; and
that however transposed they may be in the deed, their prece-
dency must depend on the order of time in which the intent of
the transaction requires their performance.    Platf on Cov. 71,
et post ; Powers, et al. v. Ware, 2 Pick. Rep. 451 ; Goodwin
v. Linn, et al. Wash. C. C. Rep. 714.

In Glazebrook v. Woodrow, 8 T. Rep. 366, the plaintiff co-
venanted that he would convey on or before the first of August,
and the defendant, that he would pay on or before the same
day, the Court held that the covenants were dependent, and
that to entitle the plaintiff to recover, a conveyance, or an offer
to convey, should have been alleged and proved. See, also,
Goodisson v. Nunn, 4 Term Rep. 761.   And it may be laid
down as a general rule, where the consideration is to be per-
formed before the day specified for the payment of the money,
the performance of the consideration ought to be averred in an
action for the money ; or where two acts are to be simultane-
ously done, as where one party is to pay a sum of money on
the same day on which the other is to convey an estate, as the
consideration for the payment, neither can maintain an action
without showing a performance, or an offer to perform on his
part.  Russell v. Ward, Wm. Jones' Rep. 218; Pordage v.
Cole, 1 Saund. Rep. 320, note 6 ; Clay v. Straughan, 5 Mon-
roe's Rep. 386; Tomkins v. Elliott, 5 Wend. Rep. 496; Slo-
cum & Hogan v. Despard, 8 ibid. 615; Fairfax v. Lewis,
2 Rand. Rep. 20; Benson v. Hobbs, 4 Har. & Johns. Rep.
285; Northup v. Northup, 6 Cow. Rep. 296.

In a declaration in covenant, it is sufficient to state the deed
according to its legal effect and operation.  Swallow v. Beau-

mount, 2 B. & A. Rep. 765; Backus v. Taylor, 6 Munf. Rep. 488; Bustors, Ex'r. v. Wallace, 4 Hen. & Munf. Rep. 82.— And in Jackson and another v. Sagacer, 3 Monroe's Rep. 27, the plaintiffs in error promised to pay "Sagacer or assigns, four hundred dollars worth of merchantable whiskey, in good casks, as specified in our agreement of this date, at forty-two cents per gallon," and the question was, whether the agreement referred to in the covenant, should have been stated in the declaration. The Court held there was no necessity for setting forth in the pleadings any other agreement, than that contained in the covenant itself.

In respect to the allegation of a breach, it may be assigned, either in the words of the covenant, or according to the intent and meaning of the parties. Boscawen, *et al.* v. Cook, 1 Mod. Rep. 223; Griffith v. Goodhand, T. Jones' Rep. 191; S. C. Skinner's Rept. 39; Bristock v. Stanton, .1 Ld. Raym. Rep. 106; Quackenboss v. Lansing, 6 Johns. Rep. 49; Bustors, ex'r. v. Wallace, (*Supra*) Day, *et al.* v. Chism, 10 Wheat. Rep. 449.

If, in declaring on a covenant, a material part is omitted, the defendant may take advantage of the omission by craving oyer and demurring. Gardner, *et al.* v. Gardner, *et al.* 10 Johns. Rep. 47; Santavord v. Sanford, 12 ibid. 197; Kane v. Sanger, 14 ibid. 89; Dunham v. Pratt, ibid. 372; Henry v. Cleland, ibid. 400; Asberry v. Calloway, 1 Wash. Rep. 72; Legg v. Robinson, 7 Wend. Rep. 194; Mayor and Aldermen of Tuskaloosa v. Lacy, at this term.

It now remains to apply the principles we have stated to the case before us. The parties, we think, have very intelligibly expressed their intention; and their contract may be thus stated: the defendant undertakes to pay to the plaintiff the sum of two hundred dollars, on the first of January, eighteen hundred and thirty-seven, if the latter would deliver to the former the possession of the plantation on which he resided at the time the contract was made, on the first day of January, eighteen hundred and thirty-six: *Provided, however*, that the defendant might discharge his obligation to pay the money, by permitting the plaintiff to retain the possession of the plantation until the day appointed for its payment. This exposition of the covenant seems to us very clearly to result from the terms in which

it is expressed; for although a day certain is mentioned when the money is to be paid, yet the obligation to pay, is only to become absolute upon the prior performance of a condition, viz: the delivery of the possession of the plantation, which the deed asserts was the agreement between the parties. In this view of the case, the covenant of the defendant is dependent, and cannot be coerced, unless the plaintiff has performed, or offered to perform the condition.

But suppose it be conceded that the payment of the money and delivery of possession, were acts to be simultaneously done, and then as we have seen, the plaintiff could not recover without avering and proving an offer of performance on his part. According to no rule of interpretation can the undertaking of the defendant be regarded as independent of any act to be done by the plaintiff. The covenant of the plaintiff does not profess to be made in consideration of an *engagement* by the defendant to perform his part of the contract, but in consideration of its *actual performance*, and according to the principles laid down, does not impose an absolute legal duty.

In his declaration, the plaintiff should have alleged a delivery of the possession of the plantation, or an offer to deliver it, to have entitled himself to recover the two hundred dollars; and if the obligation to pay was dischaged by the permission to occupy it during the year of eighteen thirty-six, the defendant should have shown it as an affirmative fact, going to avoid his undertaking. The covenant itself being sufficiently explicit to show the meaning of the parties, there was no necessity for setting out, on the part of the plaintiff, the agreement or deed to which it refers.

From what we have said, it follows, that the declaration falls short of stating the covenant, according to its legal effect. But it is insisted that the Circuit Court should not have rendered a final judgment upon sustaining the demurrer to the declaration, but an opportunity should have been afforded to the defendant to amend. By the act of 1824, "to regulate pleadings at common law." Aik. Dig. 277,—it is enacted that "no demurrer shall have any other effect than that of a general demurrer, and the Courts at any time previous to the term at which such demurrer shall stand for argument, may allow the party, on application, to amend his pleadings, without terms, and after judg-

ment in favor of the demurrer, may authorise an amendment, on terms," &c. It was certainly proper if the plaintiff applied for leave, to have permitted him to amend his declaration "on terms," after the demurrer was sustained, but the record does not show that he was denied that privilege, and we cannot presume that he was. Where an application to amend is refused, a revising Court can only be informed of it by the record.

We have only to add, that the judgment of the Circuit Court is affirmed.