## SUPREME COURT.

### HENRY SMITH agt. SALLY BETTS and others.

Where a mutual agreement was, that the plaintiff, in consideration of the payment by the defendants of a certain sum of money on a certain day, and on the delivery to him of certain promissory notes, (without stating any time for the delivery,) he would assign and transfer to the defendants all his interest in a certain bid made by him upon certain real estate, and all his interest in the judgment therein, &c.

*Held* on demurrer, that on the failure of the defendants to pay the money on the day specified, the plaintiff could maintain his action therefor, without alleging that he had performed, or had offered to perform, the agreement on his part. He was not bound to perform until the defendants had delivered the notes, as well as paid the money. The agreement to pay the money was an independent undertaking.

*Albany Special Term, October,* 1857

MOTION for judgment on account of frivolousness of demurrer.

The complaint alleges that on or about the 11th of April, 1857, in consideration of the plaintiff's promising and agreeing with the defendants that he would, upon receiving from the defendants a sum of money therein mentioned, and upon certain promissory notes being delivered to him, transfer and assign to the defendants all the rights and interests he then

owned, by means of moneys paid out by him upon a bid made by him upon the sale of certain real estate under a certain judgment therein mentioned, the defendants promised and agreed with the plaintiff to pay him on the first day of June then next the sum of six hundred dollars, which sum the defendants have neglected to pay.

The defendants demurred to the complaint, upon the ground that it does not state facts sufficient to constitute a cause of action. The plaintiff moved for judgment on account of the frivolousness of the demurrer.

HENRY SMITH *plaintiff in person.*
R. W. PECKHAM, *for defendants.*

HARRIS, Justice. The contract set forth in the complaint is mutual. The plaintiff agreed to transfer and assign to the defendants certain rights and interests. But, before doing this, he was to receive from the defendants six hundred dollars, and certain promissory notes were to be delivered to him. Until this should be done, no performance was required on his part. The defendants agreed, on their part, to pay the six hundred dollars on the first of June. No time was fixed for the delivery of the notes. Indeed, according to the terms of the contract, as set forth in the complaint, the defendants did not bind themselves to deliver the notes at all. All they stipulated to do was, to pay the money specified, on a specified day. All the plaintiff stipulated to do was, if the defendants should pay the money according to their agreement, and should, in addition to this, deliver to him certain notes, to transfer and assign to the defendants the rights and interests mentioned. As the contract is stated, it was optional with the defendants whether they would deliver the notes or not, but until these should be delivered, the plaintiff was not bound to perform the agreement on his part.

The agreement to pay the money, on the other hand, was an independent undertaking. The day when it was to be paid was specified. The obligation to pay it was unconditional.

If the defendants should elect at the same time to deliver the notes, the plaintiff would be bound also to perform the agreement on his part. The case is within the first rule laid down by Sergeant WILLIAMS, in *Pordage* agt. *Cole,* (1 *Saund.* 320 *a,*) that " if a day be appointed for the payment of money, and the day is to happen, or *may happen,* before the thing which is the consideration of the money, an action may be brought for the money, *before performance,*" &c. It was not necessary for the plaintiff, in suing for the money which the defendants had agreed to pay, to allege that he had performed, or had offered to perform, the agreement on his part. He was not bound to perform until the defendants had delivered the notes as well as paid the money. (*See Grant* agt. *Johnson,* 1 *Selden,* 247 ; *Tompkins* agt. *Elliott,* 5 *Wend.* 496.)

The motion must therefore be granted, but with liberty to the defendants to answer in twenty days after the notice of this decision, upon payment of ten dollars for the costs of this motion.