## PICKENS *v.* BOZELL.

Where, in an action upon a written agreement, the promises in which were
mutual, the complaint failed to allege the performance of certain stipula-
tions which the plaintiff agreed to perform; and such stipulations consti-
tuted only a part of the consideration of the defendant's contract; and the
defendant had actually received a partial benefit from the consideration of
the engagement on his part:—*Held*, on demurrer, that the action might be
maintained, without alleging performance; that the stipulations of the par-
ties should be construed independently; and that the plaintiff's failure to
perform might be compensated in damages.

Nov. Term,
1858.
—————
PICKENS
v.
BOZELL.

Wednesday,
December 8.

Under the code, the defendant might, in such case, set up, by way of counter-claim, the plaintiff's failure to perform, in reduction of damages.

But where the mutual promises go to the whole consideration on both sides, performance must be averred.

APPEAL from the *Bartholomew* Court of Common Pleas.

DAVISON, J.—*Bozell* brought this action against *Pickens*, upon a written agreement, which bears date *October* 6, 1854, and is as follows:

"This agreement made, &c., between *Joseph Bozell* and *Henry Pickens*, witnesseth: That *Bozell* has leased, and by these presents doth lease, to said *Pickens*, for the term of two years from the first of *March*, 1855, twenty-five acres of upland, and forty acres of bottom land, described, &c.; and is to furnish house and garden, pasture for one cow, and fire-wood off the place; and is to put the farm in good repair. *Pickens* is to farm the land as follows: The upland is to be put in oats, and he is to pay *Bozell* one-third of the same in the shock. The bottom land, he, *Pickens*, is to farm in corn, and pay *Bozell* twenty-two and one-half bushels of corn per acre, to be delivered on the premises. *Pickens* is to have all the pasture of the corn ground, and two-thirds of the pasture of the oats ground," &c.

In the complaint, it is averred that the defendant failed to deliver to the plaintiff, on the premises or elsewhere, any of said rent corn for the year 1856, except six hundred and twenty bushels—leaving unpaid and undelivered two hundred and eighty bushels, which was, at the time the same should have been delivered on the premises, worth forty cents per bushel—wherefore, &c.

Defendant demurred to the complaint, but his demurrer was overruled, and thereupon he answered by a general denial, and also by way of counterclaim. He alleged in his answer—

1. That the plaintiff failed to furnish pasture for one cow, as stipulated in the agreement, and that the same is worth one dollar per month, making, from the time the contract took effect to the end of said term, twenty-two

and one-third months, the aggregate amount of 22 dollars,
33 and one-third cents.

2. That the plaintiff refused to permit the defendant to farm, for the year 1856, twenty-three acres of the upland described in the complaint, but took possession thereof, and, without the assent of the defendant, rented the same for that year to another person; and the defendant avers that the profits arising from the twenty-three acres for said year would have been worth to him, including two-thirds of the pasture thereof, after deducting rent, and all expenses, 126 dollars, 50 cents.

3. That in the agreement, the bottom land is represented as containing forty acres, and that, for the year 1856, the defendant paid to the plaintiff eight hundred and eighty-two bushels of corn, as the rent of said bottom land for that year; and that afterwards, upon proper admeasurement, the same was found to be thirty-six acres only, showing an amount overpaid for that year of eighty-two bushels, which, at the time of delivery, was worth 20 dollars, 50 cents.

Plaintiff demurred to each paragraph of the counter-claim. To the first, his demurrer was sustained; but to the second and third, it was overruled.

There was a reply in denial of the two last paragraphs.

Verdict in favor of the plaintiff for 10 dollars, 58 cents, upon which the Court rendered judgment, &c.

The only point made in the argument of the cause relates to the action of the Court in overruling the demurrer to the complaint. That pleading is said to be defective because it fails to allege the performance of certain stipulations which the plaintiff agreed he would perform, namely, that he would "furnish the defendant a house and garden, and pasture for one cow, and put the farm in good repair." This construction does not seem to be correct. In the agreement before us, the promises are evidently mutual. Those of which the plaintiff has failed to allege performance, constitute only a part of the consideration of the defendant's contract; and where, in such case, he has ac-

Nov. Term,
1858.

tually received a partial benefit from the consideration of the engagement on his part, and the plaintiff's failure to perform may be compensated in damages, the stipulations of the parties will be construed independently; and the result is, that an action for a breach may be maintained against the defendant without alleging performance. 1 Chit. Pl. 323, *a.*—*Portage* v. *Cole,* 1 Saund. 320, *b.*—*Bennet* v. *The Executors of Pixley,* 7 Johns. 249.—*Tompkins* v. *Elliott,* 5 Wend. 496.—*Obermeyer* v. *Nichols,* 6 Bin. 159. —*Bream* v. *Marsh,* 4 Leigh, 21.—*Gourdin* v. *Davis,* 2 McCord, 514. And this doctrine is plainly consistent with the new rules of pleading; because, under them, the defendant may, in every such case, set up in his defense, by way of counterclaim, the plaintiff's failure to perform, in reduction of damages. 2 R. S. p. 41, § 59. True, where the mutual promises go to the whole consideration on both sides, performance must be averred; but in the case at bar, the main consideration of the defendant's stipulation to pay rent, was not the furnishing of the house, &c., but the use and occupation of the leased premises for a stated term. The record, in this instance, sufficiently shows that he took possession, and occupied under the lease; hence, it would be unequal and unjust to hold that the plaintiff cannot sue for the rent without alleging performance. *Bryan* v. *Fisher,* 3 Blackf. 316.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*R. Hill,* for the appellant.