No. 67.

## CUMMINGS *v.* PENCE.

CONTRACT.—*Waiver of Performance.*—A forfeiture incurred by reason of a failure to perform a contract within the time stipulated is waived by the person not in default, after the forfeiture, by requesting the contractor to resume the work stipulated for, promising to pay for it when done, and by accepting the work when completed.

SAME.—*Waiver.*—*Quantum Meruit.*—*Counter-Claim.*—Where a strict performance of a contract is waived an action on the contract lies, and need not be brought upon *quantum meruit.* The failure to perform according to the terms of the contract may be compensated for in damages by way of counter-claim.

DRAINAGE.—*Estoppel.*—*Acceptance by Drainage Commissioner.*—*Sub-Contractor.*—*Completion of Drain.*—A sub-contractor agreed to dig a public drain according to the plans and specifications adopted by the court in establishing it. He dug the ditch, and it was, upon application of the contractor, accepted by the county drainage commissioner.

*Held,* that the contractor was estopped to deny that the ditch was done according to the contract.

From the Marion Superior Court.

*A. B. Cole,* for appellant.

*L. Ritter* and *E. F. Ritter,* for appellee.

REINHARD, J.—The appellant was the general contractor for the construction of a drain in Marion county, which had been established by order of the circuit court of that county, and awarded to James F. Flack, commissioner of drainage.

The appellee was a sub-contractor, under the appellant, to do the excavating. As such sub-contractor he entered into a written contract with the appellant for the performance of the work, and that contract forms the foundation of this action.

The only error assigned here is that the court in general term erred in affirming the judgment of the court in special term.

The errors assigned in the superior court were :

1. The overruling by the court in special term of the appellant's motion for a new trial.

2. The complaint does not state facts sufficient to constitute a cause of action.

The motion for a new trial contained the following causes:

1. That the decision of the court is not sustained by sufficient evidence.

2. That the decision of the court is contrary to law.

3. That the assessment of the amount of the recovery is erroneous, being too large.

The cause in special term was tried by the court, and the finding was for the appellee (plaintiff below) in the sum of $176.65.

The question presented for our decision under the first assignment of errors involves the correctness of the action of the trial court in overruling the motion for a new trial. This challenges the sufficiency of the evidence to sustain the finding.

The complaint was in one paragraph, and counted upon the special written contract therein set out. The appellant's contention is that the uncontroverted evidence shows that the appellee did not complete his part of the contract within the time required, or in fact at any time, and hence, if he has any remedy at all, it is upon a *quantum meruit* for the value of the services performed, and not the one pursued here on the special contract.

The appellant insists that the evidence shows without contradiction or conflict that none of the work was done by the appellee within the time stipulated, and that, as to some of it, viz., the straightening out of a certain " double crook " in the drain, it never was done by the appellee at all. He also claims that there was a " washout " in the ditch at a highway and railroad crossing which caused certain damage to the work, but as to this it may as well be said right here that the evidence does not prove that this came within the scope of appellee's contract.

We proceed, then, to dispose of the appellant's contention that the work was not done in time.

The contract provides that the work was to be commenced March 31st, 1885, and completed April 30th, 1885, under the direction of the appellant, and that eighty per cent. of the price of the work should be paid as the same progressed, and twenty per cent. was to be retained until the completion and acceptance of the same by the commissioner of drainage.

It is insisted by the appellant that the completion of the work by April 30th, 1885, is a condition precedent to the payment of the price stipulated in the contract, and that, therefore, there could be no recovery on the contract unless the work was finished within that time. We do not think the contract admits of such a construction, but our ruling is not based upon this ground. We think the appellant, if he had acquired any right of rescission or forfeiture by the failure of the appellee to complete the work within the time stipulated in the contract, has waived that right by requesting the appellee to resume the work afterwards, and by promising to pay for the same, and also by accepting the work after the specified time.

The appellee testified that he stopped working in May because appellant did not pay as he had agreed; but that in August of the same year Cummings came to see him and said to him if he would go on with the work he would settle with him, and that thereupon he went back and worked two weeks longer.

John Vanderman testified that they stopped working in May, but resumed in August, and worked two weeks, and until they had finished all but one place.

David Darnell stated that he heard a conversation between the appellant and the appellee, in which Cummings asked Pence why he had not finished the work; that Pence said it was because he had not received his pay; that Cummings thereupon told him to go back and finish the ditch and he would settle with him for it.

A son of the appellee testified that the work was stopped because there was no money paid, but that in August or Sep-

tember they did more work, finishing what they did do in September.

This was sufficient evidence to authorize the court to find that whatever rights the appellant may have had by reason of the work not being completed within the time agreed upon in the contract, were waived by the appellant.

It was not necessary that the action should have been brought upon *quantum meruit;* it may be maintained on the special contract. It is true that generally one can not recover on such a contract which he has himself partly failed to fulfil. But where strict performance is waived by the other party, an action on the contract may still lie, as we think it does in this case.

We pass to the determination of the next question raised by appellant, viz., that the work has not yet been completed by the appellee, and that hence he is debarred from recovering on the contract.

The evidence does show that there was a " double crook " in the ditch at a point where it should have been straight, but it also shows that the commissioner himself had this defect corrected at an expense of $5 ; that the commissioner then accepted the ditch from Cummings, the general contractor, and paid him for it, deducting the $5 so expended.

In the act of turning over the ditch to the drainage commissioner was necessarily involved the appellant's acceptance of the work from the sub-contractor, the appellee.   By this acceptance he is estopped to deny that the work was done according to contract.

If there was a failure of strict performance here, then the appellant, as in the other instance, by accepting the work, has waived any right which he may have had to treat the contract as forfeited or to defend against a recovery on the same.   In such a case, where there is a failure to perform according to the terms of the contract, and the breach may be compensated in damages, the action will lie on the contract, the defendant having the right to set up, by way of counter-claim, the damages sustained by such failure. *Morton*

v. *Kane*, 18 Ind. 191 ; *Pickens* v. *Bozwell*, 11 Ind. 275. See *Masonic, etc., Ass'n* v. *Beck*, 77 Ind. 203 ; *Phœnix, etc., Co.* v. *Boyer, post*, p. 330.

We regard the evidence as amply sufficient to support a finding for appellee on the contract.

The only remaining question which is argued by counsel is as to whether or not the finding of the court was for an amount in excess of what under the evidence the appellee was justly entitled to recover.

The finding and judgment were for $176.65 ; the demand in the complaint is for only $170. The contract price for the ditching was fifteen cents per cubic foot. The undisputed evidence shows that the quantity of ditching done was 2,511 cubic feet, which would amount to $376.65. The contract provides for a deduction of $25 for certain expenses, which, when done, would leave the net price of the work at $351.65.

The following payments were proved without dispute :

| | |
|---|---:|
| Cash, April 18th, 1885 | $50 |
| Cash, May 2d, 1885 | 30 |
| Appellee's assessment | 75 |
| Hoover's assessment | 40 |
| H. Wilson's assessment | 20 |
| Total payments | $215 |

All these payments are admitted by the appellee. This would leave a balance due the appellee of only $136.65, instead of $176, as found by the court, making an excess of $40.

We also think it was the duty of the court, under the evidence, to deduct an additional amount of $5, that being the damage the appellant was compelled to pay to the commissioner for the appellee's failure to perform the work as the specifications provided. This was clearly required under the counter-claim pleaded. This makes a clear excess of $45.

If the appellee will, within sixty days, remit this excess

of $45 and pay the costs of this appeal, the judgment will be affirmed, otherwise the judgment is reversed, at appellee's costs, and the cause remanded, with instructions to the court below to grant a new trial, and for further proceedings.

Filed May 12, 1891.