1,350.

## KELLER ET AL. *v.* REYNOLDS.

CONTRACT.—*Breach of.—Conditions Independent, and not Precedent.— Damages.*—In an action for breach of contract, where the matters as to which plaintiff failed to aver performance, constitute but a part of the consideration for the agreements of defendant, which agreements by plaintiff have been in an essential feature performed, and the benefit of such performance received by defendant, and any loss to defendant from plaintiff's failure to completely perform may be compensated by damages, such stipulations will be regarded as independent, and not as constituting conditions precedent.

PLEADING.—*Complaint Entitling Plaintiff to Some Relief.*—A complaint which entitles plaintiff to any relief is sufficient to withstand a demurrer for want of facts.

SAME.—*Exhibit, Copy of Notice.*—A copy of a notice which is not the foundation of the action, need not be filed with the complaint.

APPELLATE COURT PRACTICE.—*Presumption on Appeal.—Evidence.— Bill of Exceptions.*—Where a bill of exceptions sets forth certain evidence, it can not be presumed, for the purpose of overthowing the judgment, that there was no other evidence upon the subject. That must be made to appear by appropriate statements in the bill of exceptions.

SAME.—*Reversal.—Prejudicial Error.*—Error in the ruling of the trial court must be shown to be prejudicial to the complaining party before it will work a reversal.

INSTRUCTIONS TO JURY.—*Refusing, When Not Error.*—There is no error in refusing an instruction asked, unless it accurately and correctly states the law.

SAME.—*Correct as Far as it Goes.—Further Instructions.*—It is not error to give an instruction which is correct as far as it goes. If a party desires further instructions he should ask for them.

SAME.—*Refusal.—Fact Found Not to Exist.*—It is not error to refuse an instruction where the fact, the legal effect of which it purports to determine, was, by the jury, found not to exist.

From the Allen Circuit Court.

*Swayne & Ninde* and *A. A. Chapin,* for appellants. *C. H. Worden,* for appellee.

GAVIN, J.—The appellee sued appellants for a breach of written contract, by the terms of which she agreed to invest $3,000 in dental supplies, under the direction of appellants (who were handling such goods), which were to be sold by appellants, at their own expense, in the regular course of their business, the prices, terms and manner of sale to be determined by appellants; the amount of goods put into the hands of appellants' agents and salesmen to be controlled by appellee; the cost price of such goods so sold to be repaid to appellee from time to time, when collected, or, if not collected within thirty days from the maturity of the accounts therefor, with an additional sum of 5 per cent. on the selling price of such goods, payable only when the same was collected, all losses to be borne by appellants.

Appellee also agreed "to keep on hands a stock of goods, to be purchased as aforesaid, as same is disposed of, to the amount of $3,000, or more, at cost purchase price. In consideration of such investment appellants further agreed to employ E. L. Reynolds in their business at $3.83 per day, payable weekly, such employment being expressly based on appellee's said investment, which, if not made in full according to said agreement, said Mary E. Reynolds agrees to pay to said first party such loss as may occur for failure to make the same, party of the first part to be responsible to party of the second part for all stock that party of the second part shall place in hands of first party at cost price."

E. L. Reynolds is constituted the agent of appellee as to all matters arising out of or connected with the contract. Right of inspection of books, etc., is given to appellee. The contract to continue so long as the parties mutually agree, but in case appellee's investment shall be $5,000 or more it is not to be terminated for two years, except by mutual consent.

"In case parties can not and do not mutually agree, party of the first part agrees to collect all outstanding accounts in which said Mary E. Reynolds may be interested as fast as can be, said collections to be under the supervision of E. L. Reynolds, agent of Mary E. Reynolds, in the office of the Keller Dental Company, and pay over to her or her agent, E. L. Reynolds, said money and 5 per cent. on the whole account, as fast as received, until said second party has received the full amount due her." E. L. Reynolds to be employed for ninety days from date of "mutual disagreement of either party. Said disagreement and notice of dissolution to be stated in writing." If at the end of said ninety days said appellee should not have received the full amount of "her investment and per cent. thereof," the balance to be secured by valid accounts, 6 per cent. interest to be paid on the balance due at the end of ninety days until paid.

The first paragraph of complaint, which was based upon this agreement, averred that in pursuance of such contract appellee paid appellants $3,000, which they invested in teeth, and with the proceeds derived from the sale of the same, from time to time, purchased large quantities of teeth, to-wit: the sum of $8,000 worth, and made large sales of such teeth, in what amount appellee can not state with particularity, but she believes it to be in the sum of $18,000; that appellants received payment for the teeth so sold, but, in violation of the terms of their said contract, have failed and refused to account to appellee in any way for the teeth so sold, or to pay her the cost price thereof, as provided by said contract, or the 5 per cent. profit on such sales.

It is further averred that on February 14, 1893, appellee elected to terminate said contract, and caused written notice thereof to be served on appellants; that

since such termination appellants have failed and refused to make settlements with her, as provided in said contract, or to pay her the amount due upon her investment and her per cent. upon sales, and that there is due her on settlement $800, and that she has been damaged $800 by appellants' failure and refusal to carry out said contract.

Other paragraphs were for money due on notes or for money loaned. Answers of general denial, payment and various other affirmative matters with reply of general denial closed the issues. Upon trial by jury a general verdict in favor of appellee was returned with answers to special interrogatories, upon which judgment was rendered over the motion for new trial.

Counsel for appellants claim the first paragraph of complaint to have been bad on demurrer for want of facts, because it fails to allege, by either specific or general averment, the performance by appellee or her agent E. L. Reynolds, of all the various matters to be by them performed in the course of conducting the business under said contract, upon the theory that some of these matters, such as keeping $3,000 invested in stock, are conditions precedent and some concurrent stipulations upon the performance of which appellants' obligations were dependent.

Whether or not the performance of those things to be done by appellee is to be regarded as a condition precedent is to be determined from an examination of the entire contract, giving to it a reasonable and fair interpretation. Those matters as to which appellee has failed to aver performance constitute but a part of the consideration for the agreement of appellants to pay to her the amounts named, and since the agreement has been in an essential feature performed by appellee and the benefit of such performance received by appellants and any loss

to appellants from her failure to completely perform may be compensated by damages, such stipulations will be regarded as independent and not as constituting conditions precedent. *Pickens* v. *Bozell*, 11 Ind. 275; *Harman* v. *Moore*, 112 Ind. 221; *Cummings* v. *Pence*, 1 Ind. App. 317; *Boone* v. *Eyre*, 1 H. Bl. 273; 2 Pars. Conts. (5th ed.), 525–529.

There are, of course, many contracts in which the requirements must be regarded as conditions precedent or as covenants interdependent, performance of which must be alleged, but when fairly construed this contract is not of that character.

It would be manifestly iniquitous to say that appellants should receive and keep appellee's $3,000 because she had not kept the investment up to that amount continually or because she had failed to perform some other matters called for in this contract.

The appellee furnished appellants this $3,000 which they invested in teeth, sold them and collected the money, which it then became their duty, under the contract, to pay over to her, with its profits, or to otherwise satisfactorily account to her therefor. The complaint alleges a clear breach of this obligation, and is, therefore, good upon demurrer.

Whether all the breaches relied upon are sufficiently alleged, we need not determine, since a complaint which entitles the plaintiff to any relief is sufficient to withstand a demurrer. *Bloomfield R. R. Co.* v. *VanSlike*, 107 Ind. 480.

The notice of dissolution was not the foundation of the action. No copy was therefore required with the complaint.

We come now to the questions presented by the motion for new trial, which are sought to be brought before us under the provisions of section 642, R. S. 1894, section

630, R. S. 1881, as reserved questions of law by bill of exceptions only, and without the evidence *in extenso*, the court simply setting out in the bill that there was evidence as to certain specified matters, and also evidence offered by both sides to sustain the pleadings presented by them.

Counsel for appellee insist that under the construction of the law given in Elliott App. Proced., section 240, no question whatever is properly raised. The conclusion which we have reached renders it unnecessary for us to consider this proposition.

In cases brought to us under said section 642, as in all others, the presumptions are in favor of the rulings of the trial court. It is, therefore, incumbent upon the appellant to bring to us such a record as overcomes this presumption and clearly shows affirmatively that the rulings were harmful to him. When the bill sets forth certain evidence, it can not be presumed, for the purpose of overthrowing the judgment, that there was no other evidence upon the subject. That must be made to appear by appropriate statements in the bill of exceptions. *Shugart* v. *Miles*, 125 Ind. 445; *Indiana, etc., R. W. Co.* v. *Adams*, 112 Ind. 302; *Conner* v. *Town of Marion*, 112 Ind. 517; *Downs* v. *Opp, Admr.*, 82 Ind. 166; *Starry* v. *Winning*, 7 Ind. 311; *Patchell* v. *Jaqua*, 6 Ind. App. 70; *Bensch* v. *Farnsworth*, 9 Ind. App. 547.

Keeping these principles in mind, we proceed to take up the questions argued by counsel.

In refusing appellants' offer to prove the custom of making sales on approval, in order to reduce the amount of sales upon which a commission should have been calculated, there was no error of which they can complain. The answers to interrogatories clearly show that the jury found with appellants upon this proposition and reduced the amount of sales several thousand dollars below what

was proven by appellee's evidence, which is all it is claimed this evidence would tend to prove.

So, likewise, in rejecting the check which appellants offered to corroborate their statement that they paid E. L. Reynolds that amount by check. There is nothing to show that the fact of this payment was in any way controverted or contradicted. This being true, the check would not have strengthened appellants' case.

Exception is taken to the first instruction given as to the notice required to terminate the contract. So far as we can ascertain from the evidence and facts set out in the bill, even if appellants are right in their construction of what was required in the notice, which we are by no means ready to decide, it may have contained everything which they say ought to have been in it.

The court was, we think, right in holding appellee entitled to interest on the balance due at the expiration of ninety days from the termination of the contract arrangement.

Instruction No. 2, as asked, was not good. Conceding that appellee might be bound by her husband's declaration that she would not receive accounts, appellants could not be excused by such declaration, unless made to, or, at least, authoritatively communicated to them. It is well settled that there is no error in refusing to give an instruction asked, unless it accurately and correctly states the law. Elliott App. Proced., section 735. Moreover, the answers to interrogatories indicate that the jury found against appellants as to the fact of any such declaration having been made.

The giving of this instruction, as modified, is not assigned as a cause for a new trial.

The court's instruction as to deducting the $2.50 pleaded as a set-off, was certainly right as far as it went. If appellants desired additional instruction as to their

set-off, they should have asked for it. *Hindman* v. *Timme*, 8 Ind. App. 416; Elliott's App. Proc., sections 647, 736; *Western Union Tel. Co.* v. *Buskirk*, 107 Ind. 549.

The fifth instruction asked is bad, because it fails to include interest as one element of the damages recoverable by appellee.

No error can be predicated upon the refusal of the sixth instruction, because the fact, the legal effect of which it purports to determine, was by the jury found not to exist. *Cleveland, etc., R. R. Co.* v. *Newell*, 104 Ind. 264; *Woolery, Admr.*, v. *Louisville, etc., R. W. Co.*, 107 Ind. 381; Elliott's App. Proc., section 642.

The general verdict, taken in connection with the answers to interrogatories, demonstrates that the jury was not misled by any inaccuracy in the third instruction given.

We have considered in detail most of the objections urged by appellants; some we have passed over without discussion, but after examination of all of them, we are unable to find any error which would justify a reversal.

While the procedure under section 630 may be desirable where the propositions to be presented involve clean-cut, clear legal questions, an examination of many cases where this course has been followed, indicates that it is seldom satisfactory where the questions arise upon rulings on instructions or evidence, where all the evidence bearing upon the matters under consideration is necessary in order to demonstrate the materiality, correctness and hurtfulness of the rulings.

Judgment affirmed.

Filed Jan. 30, 1895.

## On Petition for a Rehearing.

Gavin, J.—Counsel for appellant seek a rehearing, and

attack two propositions advanced in the original opinion:

1st. That we were in error with reference to the rejection of the check.

Counsel seem to have misinterpreted the language of the court. While it appears, from the record, that the repayment of the $23 to the appellee was in controversy, it does not appear that the fact of the payment of $23 to her husband was denied. So far as the record discloses the dispute was not as to whether the money was paid to the husband, but whether this was a payment to the wife. Upon this latter proposition the check would throw no light whatever. Hence the appellant failed to show any harmful error.

As to the third instruction given, after full consideration of counsel's argument, we are still satisfied that the original holding is in harmony with the rule thoroughly established in this State. If it be over-technical, the fault lies far back of this court, although we may add that we are strongly of the opinion that when we are asked to reverse a case for an error which, if an error, was evidently the result of mere oversight, and could hardly, by any reasonable possibility, have been in fact harmful, the technicality is rather in the position assumed by counsel than in that taken by the court.

As to the calculations by which counsel seek to show that they were in fact injured by this instruction, it needs only to say that they have by oversight omitted to allow to the appellee the $172.15, unpaid balance of the principal.

If any injustice was done to appellants in the court below, they have failed to make it manifest.

Petition overruled.

Filed April 12, 1895.