## ROMEL v. ALEXANDER.

[No. 2,077.    Filed March 17, 1897.]

CONTRACTS.—*Complaint for Breach of, When Need Not Aver Performance by Plaintiff.*—An action may be maintained for breach of contract, without alleging performance on the part of plaintiff, where the plaintiff's covenant or stipulation constitutes only a part of the consideration, and the defendant has received a partial benefit, and the plaintiff's breach might be compensated in damages.

From the Laporte Superior Court. *Affirmed.*

*C. R. Collins* and *J. B. Collins*, for appellant.

*James F. Gallaher*, for appellee.

HENLEY, J.—The appellant was the defendant in the lower court. The complaint was based upon an agreement and contract of sale in writing. The complaint was, in substance, as follows: That on the 5th

VOL. 17—17

day of December, 1893, plaintiff and defendant entered into a certain contract, by the terms of which the copartnership previously existing between them under the firm name and style of Alexander & Company and The Clear Lake Ice Company, was dissolved, and the property owned by said partnership was divided between them; that, by the terms of said contract, the defendant, Charles Romel, in consideration of the transfer to him of certain partnership property by this plaintiff, agreed to pay and discharge a certain note for the sum of $800.00, given by said firm to the Citizens' Bank of Michigan City, Indiana, dated October 17, 1893, and payable ninety days from date at said bank, and to save Judson Alexander, this plaintiff, harmless on account thereof, that one C. E. Meyer became surety for the said firm on said note, and in order to secure said Meyer against liability as surety the said firm executed to said Meyer a chattel mortgage on their firm property, which said property was afterwards divided between them, plaintiff and defendant, according to the terms of their said contract, and that this plaintiff transferred to the defendant the partnership property which was, by the terms of said contract, to be transferred to him, and said property was taken possession of by the defendant and sold and otherwise disposed of by him, and the proceeds devoted entirely to his own use; that the said defendant did not pay and discharge said note, but allowed the same to be paid by the surety, Meyer, who thereupon foreclosed his chattel mortgage and took possession of the property of this plaintiff of the value of $700.00 and sold the same to satisfy said mortgage, and that by reason of defendant's failing to pay said note as provided by said agreement, this plaintiff is liable to said surety, C. E. Meyer, in the further sum of $400.00. Wherefore, he has been dam-

Romel *v.* Alexander.

aged in the sum of $1,000.00, for which he demands judgment.

The contract, which is made a part of the complaint, is, in substance, as follows: First. That the partnership heretofore existing between appellant and appellee, under the firm name and style of Alexander & Company and The Clear Lake Ice Company, is hereby mutually dissolved. Second. In consideration of such dissolution the property of such partnership is hereby divided between appellee and appellant, as follows: That appellant is to have all the property connected with the ice business of said firm, including five ice houses, three ice wagons and spring wagon, and all property bought of August Dick, and in consideration of such transfer the appellant is to pay and discharge a note of $800.00, payable to the Citizens' Bank, and save appellee harmless on account thereof. Third. That appellee is to have all other property of said copartnership, including all property connected with the transfer business, and of all other property of whatever description, name and nature, owned by either of said copartnerships, and is to pay all other debts of said firms, with the exception of the $800.00 note above described, which appellant had agreed to pay. That said appellee was to have and collect all accounts due either of said partnerships, and agrees to pay appellant the sum of $75.00 on or before January 5, 1894, and is to fill all ice contracts up to January 1, 1894, and have the money received therefrom.

A demurrer was filed and overruled to the complaint. The ruling of the lower court upon this demurrer is the only question discussed by counsel for appellant, who contend that the complaint is insufficient because it does not allege that appellee had performed all the conditions of said agreement before he began this action against appellant.

We do not believe that this was necessary under the contract declared upon. The complaint does aver "that this plaintiff transferred to the defendant the partnership property which was, by the terms of said contract, to be transferred to him, and said property was taken possession of by the defendant, sold and otherwise disposed of by him and the proceeds devoted entirely to defendant's own use."

We think this averment sufficient to sustain plaintiff's complaint. This was an action for damages upon a written contract, which was an essential part of the complaint and which was filed with and made a part of the complaint. The property which it is alleged by the complaint was transferred to, and taken possession of by the defendant is more fully described in this contract.

It is contended, on behalf of the appellee, that he was entitled to bring this action against the appellant without alleging that he had paid those certain debts of the partnership, and without alleging that he had paid to appellant the sum of $75.00. We are of the opinion that for a breach of any condition of this contract resulting in damage to appellee, he was entitled to bring an action thereon against appellant, without alleging that he [appellee] had performed all the conditions on his part to be performed.

Where a party has received a part of the consideration for his agreement, it would be unjust, that, because he has not had the whole, he should enjoy that part without paying or doing anything for it, and, therefore, the law obliges him to perform the agreement on his part, and leaves him to his remedy to recover any damage he has sustained in not having received the whole consideration. Appellee's covenant or stipulation constituted only a part of the consideration of the contract. Appellant has actually received

Pittsburgh, etc., Railway Company *v.* Hays *et al.*

a partial benefit. A breach of the contract on the part of the appellee might be compensated in damages; hence, the action in this case may be supported against appellant without averring performance by the appellee. Chitty on Pleading, Vol. 1, p. 323; *Pordage* v. *Cole*, 1 Saund. 319; *Pickens* v. *Bozell*, 11 Ind. 275; *Boyle* v. *Guysinger*, 12 Ind. 273; *Cummings* v. *Pence*, 1 Ind. App. 317.

In all these cases, and numerous others therein cited, the rule as stated therein is, that where there is a failure to perform according to the terms of the contract, and the breach may be compensated in damages, an action will lie on the contract; the defendant having the right to set up by way of counterclaim the damages sustained by him on account of such failure.

We think the case before us comes clearly within the above rule. We find no error in the record.

Judgment affirmed.