## DEEP VEIN COAL COMPANY *v.* JONES.

[No. 7,449.   Filed January 31, 1912.]

1. CONTRACTS. — *Performance.* — *Sinking Oil Wells.*—*Location.*— *Ratification.*—*"Neighborhood."*—*"Near."*—*Waiver.*—*Special Findings.*—Where the plaintiff contracted to sink an oil well for defendant "at such place as second party may select and designate * * * in the neighborhood of Riley," and the special findings show that the well was sunk "pursuant to the contract, * * * near Riley," and that defendant employed the plaintiff to pump it, sufficiently show that the well was sunk at the place called for by the contract, the words "neighborhood of" and "near" being used synonymously, defendant's acts constituting a ratification of the location of the well and a waiver of the right to designate the location.   p. 315.

2. CONTRACTS.—*Failure to Perform.*—*Receipt of Benefit.*—*Damages.*—Where plaintiff's agreement constitutes only a part of the consideration for his contract and defendant has received an actual benefit, and plaintiff's breach may be compensated in damages, the plaintiff may maintain an action on such contract without showing strict performance.   p. 316.

3. CONTRACTS.—*Special Findings.*—*Amount Due.*—*Interest.*—A special finding in an action for the breach of a contract that there was due from defendant to the plaintiff on May 17, 1907, the sum of $1,001.80, and that, to the time of trial, there was due as interest thereon $66.12, will be disregarded as to the interest, such finding being merely an inference of law and not of fact, there being no mention of interest in the contract; and such interest was properly included in a conclusion of law for the total amount.   p. 317.

From Vermillion Circuit Court; *Martin G. Rhoads,* Special Judge.

Action by James M. Jones against the Deep Vein Coal Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Presley O. Colliver* and *Charles C. Whitlock,* for appellant.

*J. T. Walker,* for appellee.

MYERS, J.—Appellee brought this action against appellant to recover an alleged balance due on account of a written contract for the sinking of an oil well. The issues formed by the pleadings in this case were submitted to the court for trial. Finding and judgment. At the request of appellant, the court made a special finding of facts and stated its conclusions of law thereon. The particular conclusion of law about which there is any question presented is that the plaintiff is entitled to recover from the defendant $1,067.92.

1. Appellant insists that there is no specific finding that the oil well was drilled at a place selected by appellant as provided in the contract. On this point the particular stipulation is as follows:

"For the consideration hereafter mentioned, first party covenants and agrees to drill two wells, at such place as second party may select and designate, for oil, in the neighborhood of Riley, Indiana."

A copy of the contract is set out in the special findings, and in addition it is found that "plaintiff, pursuant to said contract, * * * completed an oil well for said defendant between January 3, 1907, and May 17, 1907, in Riley township, near Riley, Indiana;" that on May 17, 1907, there was due appellee from appellant, on account of said contract, the sum of $1,001.80, and on that day appellee demanded payment of said sum from appellant, which the latter then and there refused; that no part of said sum has ever been paid.

While the findings do not specifically state that the well

was drilled at a place selected by appellant, they do show that it was completed pursuant to the contract, and that it is located "near Riley, Indiana;" that after the well was completed, appellant employed appellee to pump it, which he did for a time. The word "neighborhood," as used in the contract, and the word "near," as used in the findings, were employed in the same sense—the location of the well in the vicinity of the town of Riley.

It is conceded that appellee performed his part of the contract in every respect, unless it can be said that the drilling of the well, without appellant's first having selected the place, was a violation thereof. There is no direct finding that the well was or was not located at the place selected by appellant, or that appellant ever exercised this right. This provision in the contract appellant might legally waive. The finding that appellee completed the well, and that appellant began pumping it, in the absence of anything to the contrary, under all the facts found, would, in effect, amount to an acceptance, and therefore a waiver of appellant's right to select the place, as well as a ratification of the place selected by another. If this conclusion be correct, appellant cannot, in an action for the contract price, claim that the contract was not performed. *Elwood, etc., Oil Co.* v. *Baker* (1895), 13 Ind. App. 576; *Cummings* v. *Pence* (1891), 1 Ind. App. 317.

While the general rule will not allow a party to recover upon a special contract which he had failed to fulfill on his part, yet there is another rule equally well established 2. in this State, to the effect that "where the plaintiff's agreement or stipulation constitutes only a part of the consideration of defendant's contract, and the defendant has actually received a partial benefit, and the breach on the part of the plaintiff may be compensated in damages, an action may be supported on the contract without showing strict performance by the plaintiff." *Morton* v. *Kane* (1862), 18 Ind. 191. See, also, *Pickens* v. *Bozell* (1858), 11

Ind. 275; *Barkalow* v. *Pfeiffer* (1871), 38 Ind. 214, 222; *Cummings* v. *Pence, supra; Johnson* v. *Heaton* (1902), 28 Ind. App. 475; *Keller* v. *Reynolds* (1897), 12 Ind. App. 383; *Romel* v. *Alexander* (1897), 17 Ind. App. 257.

Appellant also insists that the finding that plaintiff is entitled to recover interest on $1,001.80, from May 17, 1907, to the present time, at the rate of six per cent per annum, amounting to $66.12, is not a finding of fact, but a conclusion of law.

The case of *Stalcup* v. *Dixon* (1893), 136 Ind. 9, was a suit to foreclose a lien for taxes, penalty and interest, upon a showing that the auditor's deed to plaintiff on a sale for taxes was invalid. In that case the court in passing on the special findings, showing the several amounts paid by plaintiff, and the rate of interest thereon and amounts due, said: "It is true the rate of interest, or whether appellee was entitled to any interest, or during what part of the time he was so entitled, were all questions of law."

In the case at bar, the rate of interest was not fixed by contract, as was evidently the case in *Baldwin* v. *Heil* (1901), 155 Ind. 682, where it was held that the amount due at a stated time on a promissory note "with ten per cent interest and attorneys' fees was $500," was a finding of fact and not a conclusion of law. The finding now under consideration states a conclusion of law, and cannot be considered as a finding of fact. If we disregard that finding, it still appears that on May 17, 1907, there was due to appellee from appellant the sum of $1,001.80, which appellant on demand by appellee that day refused to pay. In this case the rate of interest and the time for which interest should be computed were questions of law, and properly covered by the conclusion of law that plaintiff was entitled to recover of the defendant $1,067.92.

Judgment affirmed.