## HARRELL *v*. NEILL ET AL.

[No. 8,341.   Filed June 26, 1914.]

1. VENDOR AND PURCHASER.— *Action for Purchase Money.— Complaint.—Sufficiency.*—A complaint for the balance due for the purchase of land from plaintiffs, alleging that on a certain date plaintiffs through their brokers entered into a written agreement to sell and convey the land to defendant for a certain price, that the employment of such brokers and the ratification of such agreement were made and done by two of the plaintiffs "acting for and on behalf of themselves and all the other plaintiffs", that on a certain day the plaintiffs, except M., conveyed said real estate to defendant and thereafter M. conveyed to him all her interest, and that thereafter plaintiffs delivered possession to the defendant, etc., alleging that a certain portion of the purchase price had not been paid, and setting out the contract, was not open to the objection that it did not show any right of action in M. and was therefore bad as to all, since all the averments taken together clearly connect M. with the contract of sale, or at least shows that she was one of the parties for whom it was made and afterwards ratified, and the averment that plaintiffs, except M., conveyed, etc., is not to be construed as excepting M. from those who conveyed pursuant to the contract.   p. 554.

2. VENDOR AND PURCHASER.— *Action for Purchase Money.— Complaint.—Sufficiency.*—Where the complaint for the balance of purchase money for land sold to defendant showed that the agreement of purchase and sale had been performed by plaintiffs in all essential features before suit and that defendant had received and accepted the main and essential benefit of his contract, the allegation that plaintiffs had not performed with reference to the completion of a silo, which they were unable to complete

before surrendering the possession, and their offer to permit an abatement to the extent of defendant's damage by reason thereof, did not render the complaint insufficient, in view of the fact that the stipulation for completing such silo constituted but a small part of the consideration, for the breach of which defendant could be compensated in damages, and the performance of which was not a condition precedent.  p. 555.

3. VENDOR AND PURCHASER.— Action for Purchase Money.— Complaint.—Sufficiency.—A complaint in the form of a common count for balance due as purchase price for land and for items of merchandise furnished to defendant, alleging that the defendant is indebted to plaintiffs in a certain sum as balance of unpaid purchase money for certain described real estate, which sum was due on a certain day and remains due and unpaid, and that defendant is also indebted to plaintiffs in a certain sum for ensilage and lumber sold to him and delivered to him at his request, etc., necessitates the inference that the property was sold to defendant, and is therefore not open to the objection that it is bad for failing to allege the fact of a sale by plaintiffs to defendant, and that the statement that "defendant is indebted to plaintiffs" is a conclusion unsupported by any facts alleged, and even if objectionable as not alleging a sale of the land to defendant, the demurrer was properly overruled, since plaintiffs were still entitled to relief thereunder for the items of ensilage and lumber. p. 555.

4. VENDOR AND PURCHASER.— Action for Purchase Money.— Complaint.—Sufficiency.—A complaint for the balance of purchase money due for land sold to defendant pursuant to a contract entered into between plaintiffs' brokers and the defendant, was sufficient without a general averment of performance by plaintiffs, where it set out the agreement and alleged that the real estate sold thereby had been conveyed to defendant and possession delivered to him under such conveyance, and that defendant accepted possession and was occupying and enjoying the use and benefits at the time suit was filed.  p. 556.

5. VENDOR AND PURCHASER.— Contracts.— Conditions.— Conditions Precedent.—Where the contract for the purchase and sale of land has been performed to the extent that the conveyance has been made and the purchaser put in possession, matters to be performed by the vendor which constitute but a part of the consideration for the purchaser's agreement to pay the amounts named, and the failure to perform which could be compensated for in damages, their performance will not be regarded as conditions precedent to the vendor's right of action for the purchase money, unless expressly made so by the contract.  p. 557.

6. APPEAL.—Questions Presented.—Findings.—Conclusions of Law. —By excepting to the conclusions of law stated by the trial

court, appellant admits the facts were fully and correctly found, and where the conclusion in favor of appellant was for a sum less than claimed by him, and there was no mention therein of any credit in favor of appellee, no question was presented by appellant's objection thereto that there was no basis for the allowance of a credit to appellee. p. 558.

7. APPEAL.—*Review.—Findings.—Conclusions of Law.*—In an action for the balance of purchase money due plaintiffs for land sold to defendant, a conclusion of law in favor of plaintiffs on their complaint was not erroneous because of the failure to deduct from the balance of purchase money found due, the damages sustained by defendant, where the findings show that defendant's right to such damages was against two of the plaintiffs on his cross-complaint against them alone. p. 558.

8. APPEAL.— *Review.— Harmless Error.*— Appellant can not complain of error, if any, in the court's conclusion of law allowing a set-off to cross-defendants, on the theory that such set-off was due to such cross-defendants and their coplaintiffs, since, if such contention were correct, appellant was not harmed thereby. p. 559.

9. PLEADING.— *Complaint.— Cross-Complaint.— Theory.*— Where a complaint by several plaintiffs proceeds on the theory of contract, a cross-complaint setting up a tort action against a part of the plaintiffs only, and in no way related to the contract sued on, would be improper as not germane to the original action. p. 559.

10. APPEAL. — *Review. — Cross-Complaint. — Change of Theory.* — Where the record discloses that a cross-complaint filed by defendant proceeded on the theory of a breach of contract, and that such theory was adopted by the court and the parties below, such theory will be adhered to on appeal. p. 559.

11. APPEAL. — *Review. — Conclusions of Law. — Presumptions.* — Where appellant has not brought up the evidence, it will be presumed that the facts were properly found by the trial court, and in such case alleged error in the court's conclusion of law awarding costs will not be available, where the facts disclosed by the record indicate that such conclusion was, in view of the issues tendered by appellant and found against him, as favorable as the law would warrant. p. 560.

From Hamilton Circuit Court; *Meade Vestal,* Judge.

Action by Thomas L. Neill and others against Edward Harrell. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Gifford & Gifford* and *Shirts & Fertig,* for appellant.
*J. F. Neal* and *N. C. Neal,* for appellees.

HOTTEL, J.—The amended complaint on which this case was tried was in three paragraphs in each of which appellees sought to recover an alleged balance of purchase money due on the sale of real estate. The first and third paragraphs also sought to foreclose a vendor's lien for such purchase money. The second paragraph included with the claim for purchase money two items for ensilage and lumber alleged to have been sold to appellant at the same time the real estate was sold.

Appellant filed a separate demurrer for want of facts to each paragraph of complaint. These demurrers were overruled. Appellant then filed an answer in general denial and an affirmative answer "to the amended complaint  *  *  * except as to the claims for ensilage and lumber set up in the second paragraph of complaint", which answer sets out numerous breaches of the contract for the sale of the land, and acts of waste committed by the appellees thereon while they remained in possession, and avers that on account thereof appellant was damaged in the aggregate sum of $860, and that to such extent there was a failure of consideration of the purchase price of the farm. Appellant also filed a counterclaim against appellees setting up the same matters alleged in the special answer and praying recoupment against any amount found due on the purchase price of the land and for judgment for the residue of $560. He also filed a cross-complaint against appellees Thomas L. and John A. Neill setting up the same items of breaches of the contract for the sale of the land, and acts of waste by such appellees and asking judgment for damages on account thereof in the sum of $1,000. A separate demurrer by appellees for want of facts to the second paragraph of answer and to the counterclaim, and the demurrer of appellees Thomas L. and John A. Neill to the cross-complaint were overruled. A general denial to each of said pleadings closed the issues.

A trial was had by the court, and upon request of parties, it made a special finding of facts and stated its conclusions

of law thereon. This finding is lengthy and the conclusions of law alone are necessary to an understanding of the questions presented by the appeal.

The conclusions of law stated on the findings are as follows: "1. That the plaintiffs are entitled to recover from defendant on their complaint the balance of unpaid purchase money, $300 less amount required to complete silo, $57, that is to say, $243. 2. That defendant is entitled to recover from cross-defendants Thomas L. and John A. Neill $125 for damages resulting from injuries to the orchard and $4 for fire wood, to wit, $129, less the amount due from said defendant for ensilage, to wit, $21, that is to say, the defendant is entitled to recover on his cross-complaint against said Thomas L. and John A. Neill the net amount of $108." The third conclusion of law was restated as follows: "That plaintiffs recover of defendant their costs on the complaint, that defendant recover of plaintiffs his costs as to the construction of silo and upon the issues based upon his cross-complaint as shown in conclusion No. 2. and upon which issues he was successful in this case, and the costs of filing said cross-complaint, and that he is not entitled to recover his costs upon the issues in said cross-complaint upon which he was unsuccessful, and inasmuch as the same witnesses were used throughout the trial upon the issues upon which the defendant was successful against the cross-defendants Thomas L. and John A. Neill and upon the issues in which the defendant was unsuccessful, that except as herein otherwise stated the costs should be taxed one-half to the defendant Edward Harrell and one-half to the cross-defendants Thomas L. and John A. Neill."

The first questions discussed by appellant are the rulings on the demurrers to the several paragraphs of complaint, which rulings are here assigned as error. Appellant claims that the first paragraph of amended complaint is bad (a) because it does not show any right of action in appellee Mary A. McKinstray, and being bad as to her it is bad as to all;

that it is not alleged that she had any right, title or interest to convey, nor that appellant agreed to pay anything for the conveyance by her; that the contract of sale shows that it was made by Thomas L. and John A. Neill, alone; that it is not alleged that she conveyed "pursuant to said agreement", nor "for the consideration expressed therein", but simply at "appellant's request"; (b) because such paragraph shows that "appellees did not perform the contract on their part—did not complete the silo—nor give any excuse for the failure", and does not allege the value of the land, nor does it allege what it would cost to complete the silo, nor show that appellant's damages for their default was less than the alleged balance due, and hence does not show anything due on any theory. The facts averred in this first paragraph to which such objections relate are in substance as follows: On April 27, 1910, *plaintiffs by and through their agents Fielding & Fielding, brokers, entered into an agreement in writing with defendant to sell and convey* to him *certain real estate, particularly described, for the sum of $15,000,* to be paid as follows: $2,000 cash, $2,000 September 1, 1910, and balance of $11,000 on or before March 1, 1911. That *"the appointment and employment of said Fielding & Fielding as such agents and the ratification of said agreement marked exhibit A* was made and done by plaintiffs Thomas L. and John A. Neill, *acting for and on behalf of themselves and all the other plaintiffs."* On June 11, 1910, pursuant to said agreement the plaintiffs, except Mary McKinstray at and for the consideration and purchase price of $15,000 conveyed said real estate to defendant by warranty deed, and afterwards on the ———— day of ————————, 1910, the plaintiff Mary McKinstray, by proper deed of conveyance, at defendant's request conveyed to him all her interest in and to said real estate. On March 1, 1911, *plaintiffs delivered possession to defendant and he on or about that time "entered into the possession and occupation of the same as the owner thereof under said*

*conveyances* and has since continued in such possession and occupation." *Plaintiffs performed the stipulations of said agreement on their part to be performed* except as to the roofing and attaching the silo to the barn, which they were unable to do before surrendering such possession, and they offer to permit an abatement of the unpaid purchase price of said real estate, equal to any damages appellant would be entitled to by reason of nonperformance of any condition or stipulation in the agreement binding upon them, the amount thereof to be determined by the court in this cause. The paragraph further avers that all the installments of the purchase money have been paid except $300 balance on the last installment; that the balance is unpaid purchase money for the real estate, and that the same fell due on March 1, 1911, and remains unpaid.

A copy of the written agreement of sale is made a part of the complaint by exhibit. Such agreement is signed by Fielding & Fielding and by appellant and contains in the body thereof the statement that it is made "between T. L. Neill and J. A. Neill by his agents, Fielding & Fielding, of the first part * * * and Edward Harrell of the second part * * * that * * * Fielding & Fielding as agents for the said party of the first part and subject to his ratification and assent, and not otherwise, for and in consideration of the premises hereinafter mentioned, have this day sold to the party of the second part, the following real estate situated in Hamilton County, Indiana: * * * The party of the first part by his ratification hereof further agrees to convey said above described property by a good and sufficient deed of conveyance, also abstract, upon full compliance by the party of the second part with the terms and conditions of this contract hereinafter mentioned; and to give possession of said premises to the party of the second part on or before the 1st day of March, 1911. And the party of the second part agrees to pay to the party of the first part the following consideration for said property, upon

the terms hereinafter specified, to wit: * * * $15,000, * * * $2,000 cash, * * * $2,000 on the 1st day of Sept. 1910, and the balance of * * * $11,000 on or before March 1, 1911.''

There were five plaintiffs, and it appears from the averments of the complaint which we have italicised and from the exhibit filed therewith that Thomas L. Neill and John A. Neill alone employed the real estate brokers Fielding & Fielding to make the sale of the real estate in question, but it also appears from such averments that such employment was for and on behalf of themselves and *all the other plaintiffs* which necessarily included Mary A. McKinstray; also that the *plaintiffs,* not Thomas L. and John A. Neill, alone, but all of them *through* these agents entered into such agreement for the sale of the real estate for the sum of $15,000, and that the ratification of such agreement by Thomas L. and John A. was not only for themselves, but was for and on behalf of all the other *plaintiffs;* that the *plaintiffs* conveyed the real estate to defendant; that *plaintiffs* delivered possession, and defendant took possession under *such conveyances;* and that *plaintiffs* performed the stipulations of said agreement.

Appellant attaches importance to the following averment in the complaint: ''On June 11, 1910, pursuant to said agreement the plaintiffs, except Mary McKinstray at and for a consideration of $15,000, conveyed said real estate * * * and afterwards Mary McKinstray by proper deed of conveyance at defendant's request conveyed'', etc. Appellant contends in effect that this averment shows that Mary A. McKinstray is excepted from those who conveyed pursuant to the agreement, and for the $15,000 consideration. The averment is ambiguous and open to criticism but we think it apparent that by it the pleader only intended to except Mary A. McKinstray from those who conveyed on June 11, 1910. The other averments, before set out, preclude the idea that by such last quoted averment the pleader

intended to except Mary A. McKinstray from those who conveyed pursuant to the agreement, or from those interested in the purchase money to be paid thereunder. Such other averments clearly and unequivocally connect Mary A. McKinstray with such contract of sale and in fact show that she was one of the parties thereto, or at least one of the parties for whom it was made and afterwards ratified and hence showed in her a cause of action on such contract.

As to the second objection, the averments indicated show that the agreement in its essential features had been performed by appellees before suit and that appellant

2. had received and accepted the main and essential benefit of his contract, that the stipulation in regard to the completion of the silo constitutes but a small part of the consideration and that appellees' breach in such respect might be compensated in damages; that performance of this feature of the agreement was not in the nature of a condition precedent. Under such circumstances, and where, as here appellees offered to deduct the cost of completing the contract from the unpaid purchase money, the complaint is sufficient in its averments of performance to permit an action on the contract. *Romel* v. *Alexander* (1897), 17 Ind. App. 257, 261, 46 N. E. 595, and authorities cited; *Keller* v. *Reynolds* (1895), 12 Ind. App. 383, 386, 387, 40 N. E. 76, 280.

The second paragraph of complaint is in form of common count for balance of $300 on purchase price and for $27.50

3. for other items of merchandise furnished to appellant at his request. Appellant claims such paragraph is bad because it does not allege that appellees either sold or conveyed the land to appellant, nor that they sold or delivered the ensilage or lumber, nor that they were the owners of the land, ensilage or lumber; that the statement "that appellant is indebted to appellees" is a conclusion not supported by any facts in this count. Such paragraph avers in part that "the defendant is indebted to them (plaintiffs)

in the sum of $300 the same being the balance of the unpaid purchase money for the following described real estate * * * a bill of particulars of which is filed herewith and made a part hereof. That said sum of $300 was due and payable March 1, 1911, at which time and ever since the defendant had failed and refused to pay the same, and that the same together with interest at six per cent per annum is due. That defendant is also indebted to plaintiffs for ensilage and lumber, sold and delivered to defendant at his request in the sum of $27.50 as per said bill of particulars filed herewith and the same is due and unpaid. Wherefore'', etc. These averred facts necessitate the inference that the property was sold to appellant, otherwise he could not be indebted to appellees in the sum of $300, balance of unpaid purchase price. If, however, it should be conceded that, as to the balance of the purchase money for the real estate, such objection is valid, it would not be a good objection as to the items of ensilage and lumber ''sold and delivered to defendant at his request.'' If appellees were entitled to any relief under such paragraph the court did not err in overruling the demurrer thereto. It follows that such demurrer was properly overruled.

The third paragraph of complaint is substantially the same as the first, except that no mention is made of the promise to roof and connect the silo to the barn, and there is no general allegation that appellees have fully performed their part of the agreement. The first objection made to this paragraph is the same as that to the first paragraph with regard to its failure to show a cause of action in Mary A. McKinstray, and hence needs no further consideration. Appellant further contends, however, that the third paragraph counts strictly on the contract and asks equitable relief and therefore, *without some showing of performance* on appellees' part, or excuse for failure, there can be no recovery. The answer to this contention is that the paragraph sets out the agrement of sale and avers in effect

that the real estate sold thereby had been conveyed by appellees to appellant; that possession had been delivered under such conveyances, and that appellant accepted possession thereunder and when suit was filed was occupying and enjoying the use and benefits of the real estate so purchased by him. These averments were sufficient under the authorities, *supra,* to authorize an action for the recovery of any part of the purchase price due on such real estate.

5. In the case of *Keller* v. *Reynolds, supra,* it was there claimed that a paragraph of complaint was bad on demurrer because it failed to allege, by either specific or general averment, the performance by appellee in that case or her agent of all the various matters to be by them performed. The court in opinion at pages 386, 387 said: "Whether or not the performance of those things to be done by appellee is to be regarded as a condition precedent is to be determined from an examination of the entire contract, giving to it a reasonable and fair interpretation. Those matters as to which appellee has failed to aver performance constitute but a part of the consideration for the agreement of appellants to pay to her the amounts named, and since the agreement has been in an essential feature performed by appellee and the benefit of such performance received by appellants and any loss to appellants from her failure to completely perform may be compensated by damages, such stipulations will be regarded as independent and not as constituting conditions precedent." To the same effect see, *Pickens* v. *Bozell* (1858), 11 Ind. 275; *Harmon* v. *Moore* (1887), 112 Ind. 221, 13 N. E. 718; *Cummings* v. *Pense* (1891), 1 Ind. App. 317, 27 N. E. 631. We think that it is manifest in the instant case that it was not the intention of the parties to the written agreement to treat such stipulation as a condition precedent, and hence this case falls within the rule announced in the cases cited. This conclusion is not in conflict with the case of *Korbly* v. *Loomis* (1909), 172 Ind. 352, 355, 356, 88 N. E. 698, 139 Am. St.

379, 19 Ann. Cas. 904, where the condition was one precedent, made so by the express agreement of the parties.

Under his assignment of error appellant questions each of the conclusions of law stated on the findings of fact. Appellant's first objection to conclusion No. 1 is that

6. there is no basis for the allowance of $3 to appellees for lumber and cleats, or for deducting that sum from the $60 found to be the cost of completing the silo. The finding is that "the plaintiffs and cross-defendants Thomas L. and John A. Neill" delivered to appellant the lumber of the value of $3. That the reasonable cost of completing such silo is $60; that appellees made no effort to complete same, except to furnish the rafters and other material of the value of $3, and that it will cost appellant in addition thereto $57 to finish the silo, which the court finds the appellant is entitled to have deducted from the amount due on the price of the farm. There is no mention made in the conclusion of law of a $3 credit for material. Appellant by excepting to the conclusions of law admitted that the facts were fully and correctly found. No question is therefore presented as to such allowance.

It is further claimed that the first conclusion of law is erroneous in not allowing appellant a deduction from the balance of purchase money for the damages, $129

7. sustained by the cutting of timber and ravages by stock. Appellant was not entitled to have such amount deducted from the purchase money due, for the reason that the findings show that this amount was for damages against Thomas L. and John A. Neill on appellant's cross-complaint against them alone.

Appellant also makes the same objection to the first conclusion of law that he made to the first and third paragraphs of complaint in so far as the right of Mary A. McKinstray to recover is recognized in such conclusion. On this subject the court found the facts to be as averred in the paragraphs of complaint and what was said on this question in

our discussion of the demurrers to the complaint applies with equal force to such objection to this conclusion of law.

Appellant contends that the second conclusion of law is erroneous in allowing a set-off of $21 to appellees Thomas L. and John A. Neill for ensilage against the recovery of $129 for damages to orchard and for cutting forest trees, the effect of appellant's contention being that such set-off was due all the appellees. Appellant could not be harmed by this conclusion, if erroneous in such respect, for the reason that he owed for the ensilage and if the court gave the cross-defendants who were also plaintiffs, the whole benefit of this debt, when their coplaintiffs were also interested therein, the only persons who could justly object were the other plaintiffs. Ensilage was one of the items sued for in the second paragraph of complaint, which we have held good on demurrer and was therefore within the issues. Appellant's contention in this connection that his cross-complaint proceeds in tort can not be upheld. Such cross-complaint being against two of the parties only, if its theory be to charge independent tort in no way related to the contract sued on, it was not germane to such original action and therefore not proper as a cross-complaint. *Bradford* v. *McBride* (1912), 50 Ind. App. 624, 96 N. E. 508. It is apparent however that appellant did not so treat it. In his statement of the record in his brief he says: "the appellant's cross-complaint is the same as the counterclaim, except (a) that it is against appellees Thomas L. and John A. Neill, only, the inducement being in these words: 'The defendant for cross-complaint against said plaintiffs Thomas L. and John A. Neill, says'; (b) And it alleged that said plaintiffs, that is Thomas L. and John A. Neill, sold the land to appellant, and entered into the written contract of sale." Such cross-complaint after averring numerous breaches of the contract and acts of waste, proceeds as follows: "Cross-plaintiff says that by the removal of said fence posts, destruction of said

fruit trees, destruction of blue grass pasture, destruction of said forest trees, removal of said flooring and stalls, and said earth from said way, the destruction of the clover pasture, and the removal of said tile all of which constituted waste and was done and suffered by plaintiffs in violation of their said contract, the value of the land was greatly reduced, viz., in the sum of eight hundred dollars. That said plaintiff did not put any roof on said silo nor adjoin the same to said barn as required by said contract; that the reasonable cost of doing said work was and is the sum of $60, and that by failure to complete said silo cross-plaintiff was damaged in the sum of $60." It thus affirmatively appears that the cross-complaint proceeded on the theory of a breach of contract and such was the theory adopted by the court and the parties below, and hence will be adopted and followed by this court. *Southern R. Co.* v. *Crone* (1912), 51 Ind. App. 300, 99 N. E. 762; *Euler* v. *Euler* (1914), 55 Ind. App. 547, 102 N. E. 856; *Muncie, etc., Traction Co.* v. *Citizens, Gas, etc., Co.* (1913), 179 Ind. 322, 100 N. E. 65.

Appellant finally urges that the third conclusion of law, as restated, was erroneous. This conclusion of law as originally stated permitted the appellees to recover all 11. their costs, and it was on appellant's motion to restate and modify such conclusion that the trial court restated it as above set out. Appellant in his motion sought to have appellees' recovery of costs limited to the costs on the issues tendered by the complaint and to have all the costs occasioned by the issues joined on the cross-complaint, and on the issue of the completion of the silo, taxed to appellees. Appellant by his counterclaim alleged numerous breaches of the contract resulting, as he averred, in damages to him, and asked for recoupment as against appellees' claim except that for ensilage and lumber. He also filed a cross-complaint in which he sought to recover damages for various breaches of the contract of sale and for acts of waste and injury to the premises while possession was retained by

appellees under such contract. Upon all these items, except those indicated in the conclusions of law the finding was against appellant. He has not brought up the evidence, and we must therefore assume that the facts were properly found by the trial court. The facts disclosed by the record indicate that the third conclusion of law as restated was, in view of the several issues of fact tendered by appellant and found against him, as favorable to him as the law would justify the court in making it. §621 Burns 1914, §594 R. S. 1881, and authorities there cited.

The record as it comes to us indicates that the cause has been fairly tried and determined, without any error of law harmful to appellant intervening. The judgment below is therefore affirmed.

NOTE.—Reported in 105 N. E. 926. As to demands sufficient to support claims for set-off and counterclaims, see 12 Am. Dec. 152. As to an action at law for the purchase price on the breach by the purchaser of an executory contract for the sale of land, see 4 Ann. Cas. 791. See, also, under (1, 2, 3, 4) 39 Cyc. 1953; (5) 39 Cyc. 1905; (6) 38 Cyc. 1990; (7) 38 Cyc. 1978; (8) 3 Cyc. 383; (9) 31 Cyc. 223; (10) 2 Cyc. 671; (11) 3 Cyc. 310.