## Boyle *v.* Guysinger.

Where the plaintiff's covenant or stipulation constitutes only a part of the consideration of the defendant's contract, and the defendant has actually received a partial benefit, and the breach on the part of the plaintiff might be compensated in damages, an action may be supported against the defendant, without averring performance by the plaintiff.

Where a party, before the time fixed for the performance of an agreement, disables himself to perform it on his part, no demand of performance is necessary.

APPEAL from the *Henry* Court of Common Pleas.

Perkins, J.—Suit upon the following contract:

" Sold to *John S. Guysinger,* two hundred head of well corn-fatted hogs, all spayed, and altered, weighing two hundred pounds, net, delivered between the 10th of *November,* 1855, and the 1st of *December,* 1855, at the option of *Guysinger,* delivered and weighed on the farm of *J. S. Guysinger,* in *Henry* township, *Henry* county; for which *Guysinger* agrees to pay to *Patrick J. F. Boyle,* 4 dollars per hundred pounds, net, in bankable funds; 200 dollars to be paid by the first of *August,* 1855, without interest; this article to be binding on our executors and administrators. *December* 23, 1854.      [Signed]      *P. J. F. Boyle,*

*John S. Guysinger.*"

On the 28th of *April,* 1855, *Guysinger* paid *Boyle* 150 dollars of the 200 dollars due the 1st of *August* following; and on the 2d of *August,* 1855, tendered the remaining 50 dollars. *Boyle* refused to receive it, because tendered a

Vol. XII.—18

day too late, but did not return, or offer to return, the 150 dollars he had received.

In *November*, 1855, *Guysinger* demanded the hogs and offered to pay the stipulated price for them. *Boyle* refused to deliver them—said he never would deliver them—that the hogs were already in *Cincinnati, Ohio*.

The plaintiff recovered.

The simple statement of two well established principles will be all that need be said in this case.

1. Where the plaintiff's covenant or stipulation constitutes only a part of the consideration of the defendant's contract, and the defendant has actually received a partial benefit, and the breach on the part of the plaintiff might be compensated in damages, an action may be supported against the defendant without averring performance by the plaintiff. 1 Chit. Pl. 323.—Ind. Dig. 297.—Chit. on Cont. 737.—*Pickens* v. *Bozell*, 11 Ind. R. 275.

2. Where a party, before the time fixed for the performance of an agreement, disables himself to perform it on his part, no demand of performance is necessary. Ind. Dig. 787.—Chit. on Cont. 738.

*Per Curiam.*—The judgment is affirmed with 7 per cent. damages and costs.

*O. P. Morton* and *E. B. Martindale*, for the appellant.

*J. H. Mellett* and *W. Grose*, for the appellee.