Morton v. Kane.

APPEAL from the *Hancock* Circuit Court.

*T. D. & R. L. Walpole*, for the appellants.

*West & Craven*, for the appellees.

---

## MORTON v. KANE.

As a general rule, a party can not recover on a special contract which he has failed to fulfill on his part.

But where the plaintiff's agreement or stipulation constitutes only a part of the consideration of the defendant's contract, and the defendant has actually received a partial benefit, and the breach on the part of the plaintiff may be compensated in damages, an action may be supported on the contract, without showing strict performance by the plaintiff.

APPEAL from the *Wayne* Common Pleas.

WORDEN, J.—This was an action by *Kane* against *Morton*, upon an agreement by which *Kane* agreed to make and de-

liver to *Morton* 500,000 brick, 100,000 of which were to be ready for delivery by the first day of *June*, 1854: for which *Morton* was to pay 1,400 dollars. Averment that the plaintiff had performed the contract on his part; and that the defendant, though he had converted the brick to his own use, refused to pay for the same. Trial; verdict and judgment for the plaintiff.

The jury found that the brick had been made and delivered as provided for, except that the 100,000 were not ready for delivery by the first of *June*, 1854; they were, however, afterwards delivered, as well as the residue contended for. The point made is, that inasmuch as the 100,000 were not ready for delivery at the time specified, the plaintiff did not perform the contract on his part, and could not, therefore, maintain any action *upon the contract*. As a general rule, a party can not recover on a special contract which he has failed to fulfill on his part. *Walcott* v. *Yeager*, 11 Ind. 84; *Cromwell* v. *Wilkisson*, at the present term.

But there is another rule equally well settled, which runs by the side of, and in some measure qualifies, the general rule above stated. That rule is, that where the plaintiff's agreement or stipulation constitutes only a part of the consideration of defendant's contract, and the defendant has actually received a partial benefit, and the breach on the part of the plaintiff may be compensated in damages, an action may be supported on the contract without showing strict performance by the plaintiff. *Pickens* v. *Bozell*, 11 Ind. 275, and cases there cited; *Boyle* v. *Guysinger*, 12 Ind. 273. In the latter case, the plaintiff was bound to pay money, by the terms of the contract, on the *first* day of *August*. He did not tender the money until the *second* day of that month. It was held notwithstanding, that he could maintain an action on the contract.

The case at bar seems to fall within the latter rule. Here

Morton *v*. Kane.

the plaintiff's agreement to have 100,000 of the brick ready for delivery by the first day of *June*, 1854, constitutes only a part of the consideration of the defendant's agreement to pay the 1,400 dollars. The failure to have the brick ready by the time specified, can be clearly compensated in damages. The case of *Campbell* v. *Jones*, 6 Tenn. Rep. 570, is clearly in point here. The following extract from the opinion of Lord *Kenyon* will show the nature of the contract, and the ground of the decision: "But another ground on which the plaintiff is entitled to judgment is this: that the *teaching* of the defendant is not the *whole consideration* of the covenant to pay. The agreement of the parties is, that in consideration of one entire sum of £500, the plaintiff should teach and instruct the defendant in the art of bleaching materials for making paper, *and* permit him, during the period of his patent, to bleach such materials according to his specification; and though this sum is divided into two sums of £250 each, and is to be paid at different times, no part is denominated to be the consideration of using the patent, nor any part as the consideration of teaching, but one integral sum is adapted to the whole. Under this agreement, the defendant has a perfect title to use the patent, and the instruction of the defendant can not be taken to be the most material part of the consideration, as the specification must be supposed to contain full instruction for that purpose, though some advantage might arise from the assistance of the inventor. * * The distinction is clear, where mutual covenants go to *the whole* of the consideration on both sides, they are mutual conditions; but where the covenants go *only to a part*, and when a recompense may be had in damages, it is a different thing."

*Ashhurst*, J. added: "Here the covenant to teach is but a part of the consideration of the £500; for doing which the defendant may recover a recompense in damages. And the agreement of the plaintiff having been executed in part by

transferring to the defendant the right to exercise his patent, he ought not to keep that right without paying the remainder of the consideration, because he may have sustained some damages by the plaintiff's not having instructed him."

It may be observed, that if the defendant sustained any damage in consequence of the plaintiff's failure to have the 100,000 bricks ready by the time specified, it was the legitimate subject of a counter-claim, and might have been thus set up. *Pickens* v. *Bozell, supra.*

*Per Curiam.*—The judgment below is affirmed, with costs, and 2 per cent. damages.

*J. F. Kibbey* and *J. P. Siddall,* for the appellant.

*G. W., J. B. & J. F. Julian,* for the appellee.