JOHNSON, SURVIVING PARTNER, ETC., v. HEATON, ASSIGNEE, ETC.

[No. 3,496.   Filed November 21, 1901.   Rehearing denied March 11, 1902.]

CONTRACTS.—*Enforcement.*—*Partial Performance by Plaintiff.*—Plaintiff entered into a contract with defendant by the terms of which plaintiff purchased of defendant 710,000 feet of lumber at $15 per thousand feet, to be paid for partly in real estate and partly in notes, and averred in his complaint in an action on the contract that he had paid to defendant in real estate and in money $7,775, and had tendered to defendant a proper deed to certain land, which, according to contract, was to be taken by defendant, subject to certain encumbrances, at the net price of $2,000, and had in all respects complied with the contract, except that he had failed to pay about $1,000 of the amount of the notes given for the purchase money; that defendant only furnished to plaintiff 300,000 feet of lumber, which would amount, at contract price, to $4,500, and that defendant, for the purpose of preventing plaintiff from obtaining the money with which to pay the balance of said notes, had fraudulently refused to deliver the lumber for which he had been paid by plaintiff.   *Held,* that the complaint stated a cause of action.   *pp. 476–479.*

SAME.—*Enforcement.*—*Partial Performance by Plaintiff.*—Where plaintiff's covenant constitutes only part of the consideration of defendant's contract, and defendant has actually received a partial benefit, and the breach on the part of the plaintiff might be compensated in damages, an action may be maintained against the defendant without averring performance by defendant.   *p. 478.*

From Martin Circuit Court;   *M. S. Hastings,* Special Judge.

Action by John W. Heaton, assignee of the Jenkins-Heaton Lumber Company, against Benjamin C. Johnson, surviving partner of the firm of Johnson & Chenowith,

for the enforcement of a contract. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*J. W. Catterson*, *C. B. Rogers* and *J. T. Rogers*, for appellant.

*A. C. Ayres*, *A. Q. Jones* and *J. E. Hollett*, for appellee.

COMSTOCK, J.—Appellee, who was plaintiff below, recovered judgment in the lower court for $1,778.35. The cause was tried upon an amended complaint and upon proper request the court made a special finding of facts and stated conclusions of law thereon. The errors relied upon for a reversal of the judgment, as stated in appellant's brief, are that the court erred in overruling appellant's demurrer to the complaint, and "in its conclusions of law upon the special finding."

The amended complaint avers that the Jenkins-Heaton Manufacturing Company, the assignor of the appellee, entered into a contract with Johnson & Chenowith, of which firm the appellant is the surviving partner, and by the terms of the contract, the firm of Johnson & Chenowith sold to the Jenkins-Heaton Manufacturing Company 710,000 feet of lumber at $15 per thousand feet, to be paid for partly in real estate and partly in notes, the notes amounting to about $4,000; and it is averred in the complaint that the plaintiff had paid to the defendant in real estate and in money $7,775, and had tendered to the defendant, the appellant, a proper deed for some Missouri land, which, according to the contract, was to be taken by the defendant, subject to certain encumbrances, but at the net price of $2,000, and had in all respects complied with the contract, except that the plaintiff had failed to pay about $1,000 of the amount of the notes given for the purchase money; that the defendant had only furnished to the plaintiff 300,000 feet of lumber, which would amount, at contract price, to $4,500, and, although the defendant had been paid in real estate, which he had accepted, and in cash $7,775, or $3,275 more than the amount of lumber delivered, and that the

defendant, for the purpose of preventing the plaintiff from obtaining the money with which to pay the balance of said notes, had fraudulently refused to deliver to plaintiff the lumber for which defendant had already been paid by the plaintiff; and that plaintiff had been rendered unable to pay the balance of $1,000 due upon said notes because of the wrongful and fraudulent conduct of the defendant in refusing to deliver to plaintiff the lumber which plaintiff had actually paid for; and that defendant had refused to accept the Missouri land and to furnish any more lumber to plaintiff. Wherefore plaintiff prays damages in the sum of $6,000.

The copy of the contract and assignment to the plaintiff is set out with the amended complaint. The contract contained a stipulation to the effect that the appellant should begin the shipment of lumber as soon as the deeds were delivered, but that upon failure of appellee to pay either of said notes at maturity, appellant might continue to ship said lumber or not, at its option. The contract also provided for the execution of a chattel mortgage on the lumber to secure the notes. The contract further provides that first parties shall load said lumber on cars; also, "that the first shipment of said lumber shall be made after the first party shall have received their deeds to said real estate pursuant to the agreement hereinbefore set out, such lumber to be measured by the parties in the presence of each other.

The demurrer under consideration is for want of facts, and counsel for appellant insist that the complaint is insufficient for the reason that it does not show any breach of contract by appellant, but only shows that they exercised the right given them by the contract, viz.: discontinued to load lumber in default of the payment of the notes given under the contract. It is urged that when the Jenkins-Heaton Company failed to meet the notes as they became due appellant had the right to treat the contract as ended, or to proceed with his part, and sue for damages.

If appellant is right, it would lead to the conclusion that, although appellee had paid $7,775 on the contract, and received thereunder lumber to the amount as averred in the complaint of only $4,500, and failed to comply fully with the contract, he could maintain no suit upon the contract, and that appellant could retain the $3,275 thus paid, and refuse to deliver more lumber, although he had sustained no damages on account of the breach of the contract.

It is true, as a general rule, a party can not recover on a special contract which he has not fulfilled. But the rule governing proceedings upon contracts of the character of the one before us is stated in *Boyle* v. *Guysinger*, 12 Ind. 273, 274, as follows: "Where the plaintiff's covenant or stipulation constitutes only a part of the consideration of the defendant's contract, and the defendant has actually received a partial benefit, and the breach on the part of the plaintiff might be compensated in damages, an action may be supported against the defendant without averring performance by the plaintiff." See, also, *Pickens* v. *Bozell*, 11 Ind. 275; *Morton* v. *Kane*, 18 Ind. 191; *Romel* v. *Alexander*, 17 Ind. App. 257; *Everroad* v. *Schwartzkopf*, 123 Ind. 35; *McClure* v. *Secrist*, 5 Ind. 31; *Kerstetter* v. *Raymond*, 10 Ind. 199; *Garver* v. *Daubenspeck*, 22 Ind. 238; *Branham* v. *Johnson*, 62 Ind. 259. Under the facts alleged in the complaint, appellant might have been compensated for any damages sustained by him by reason of the breach of the contract by appellee.

Upon the second specification of error it is suggested by counsel for appellee that the exceptions to the conclusions of law were not taken at the proper time. The court found specially that the contract, notes, mortgage, and deed mentioned and referred to in the complaint were executed as there alleged; that before the bringing of the suit, plaintiff tendered deed and abstract of the Missouri land, and that it was refused; that defendant delivered to plaintiff 380,727 feet of lumber prior to March 17, 1898, when suit was

begun; that defendant received from plaintiff, in addition to the real estate accepted, cash in the sum of $2,824.26; that defendant had delivered to plaintiff the sixty-day note, and that the ninety and 120 day notes were held by defendant. The court, as a conclusion of law, stated that. plaintiff was damaged in the sum of $1,778.35, and entitled to judgment for that sum. In this conclusion we find no error.

Question is made by counsel for appellee as to whether the exceptions to the conclusions were taken in time. It is also suggested that the record does not show that any answer or answers were filed to the amended complaint, and that, as the record does not show the issues upon which the case was tried, the presumption of correctness will be indulged in favor of the trial court. We do not deem it necessary to inquire into these matters, for the questions arising upon the two specifications of error discussed are, in view of the special findings, substantially the same.

Judgment affirmed.