Anaconda Copper Mining Co. v. Houston.

## Anaconda Copper Mining Company v. George T. Houston et al.

1. CONTRACTS—*When Printed Conditions on a Letter-head Are a Part of the Contract.*—Defendant accepted an offer of lumber on a letter-head upon which the following condition was printed:

" Where goods are not routed according to shipping directions the total freight charges accruing over lines not designated will be charged to the shippers. This order to be accepted only on this condition."

At the head of the letter-head, in close proximity to the printed condition, was a written designation of the shipping routes. *Held,* that there being no inconsistency between the written and printed parts of the contract, the acceptance of the order without objection by plaintiff constituted an agreement to ship in accordance with the shipping directions and upon the conditions named in the printed clause under consideration.

2. SAME—*Damnum Absque Injuria.*—In such a case, where the freight rate upon the lumber was the same by either of the routes, that by which defendants directed the lumber to be shipped, and that by which it was actually shipped, and defendant suffered no damages by reason of the failure of plaintiffs to ship it in compliance with its direc-

tion, the breach of the contract is not vital, but is *damnum absque injuria*.

3. SAME—*Not to be Avoided by Taking Advantage of a Mistake Which Has Caused Absolutely No Damage.*—Where goods are shipped by a route other than that specified in the contract, and no loss whatever thereby occurs to the purchaser, he can not avoid payment for the goods after receiving and appropriating them, by taking advantage of a mistake which has caused him absolutely no damage.

4. SAME—*Where Purchaser Has Received a Benefit and the Breach May be Compensated by Damages.*—Where a purchaser of goods has received a benefit under the contract, and a breach may be compensated in damages, the vendor is entitled to recover.

Assumpsit, for goods sold and delivered. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed March 17, 1903.

This is an action in assumpsit to recover for lumber sold and delivered by appellees to appellant. The cause was submitted to the trial court upon an agreed statement of facts.

July 18, 1899, appellant wrote asking appellees, " Please quote us f. o. b. Chicago prices on the following," specifying certain kinds of lumber. To this appellees replied four days thereafter. Thereupon appellant sent a letter as follows :

" ANACONDA COPPER MINING COMPANY,
Lumber Department.

Ship via
C., B. & N. and G. N.

Where goods are not routed according to shipping directions the total freight charges accruing over lines not designated will be charged to the shippers. This order to be accepted only on this condition.

ANACONDA, MONT., Aug. 2, 1899.

GEO. F. HOUSTON & Co., Cor. 22d & Center Ave., Chicago, Illinois.

GENTLEMEN:—Please ship to us here as soon as possible.

Order No. 573 :

(Here follows description of sizes and quality of lumber ordered.) Above to be all good air dried as per your letter of July 22d. F. O. B. Chicago.

Yours truly,
A. C. M. Co., Lumber Dept.
M. A. MORRISON."

The words "C., B. & N. and G. N.," the date of the letter and all below the date, are typewritten, except the signature "M. A. Morrison." Appellees accepted the order with some designated reservations and exceptions by letter of August 7th, and on or about August 14th, they shipped a car load by the Chicago & Northwestern Railroad, instead of by the Chicago, Burlington and Northern and Great Northern railroads, which were the lines intended to be designated as above in appellant's order of August 2d. The lumber arrived at Anaconda, Montana, August 31st, and was run into lumber yard of appellant. The next day, September 1st, appellant wrote appellees requesting bill of lading, which was sent on the 7th, and on the 9th of September appellant unloaded the lumber, and the next day paid the freight bill, amounting to $359.49. Appellant thereafter wrote as follows :

"ANACONDA, MONTANA, Sept. 15, '99.

" MESSRS. GEO. T. HOUSTON & Co., 22d St. & Center Ave., Chicago, Ill.

" GENTLEMEN :—Referring to yours of August 12th, we wish to call your attention to the following conditions expressed on original order :

" ' Where goods are routed according to shipping directions, total freight charges accruing over lines not designated will be charged to the shippers. This order to be accepted on this condition only.'

" You will note that this order was routed C., B. & N. and G. N. Rys. In accordance with the above conditions we deducted from your invoice freight charges on 52,100 lbs. at 69 cents per 100 lbs., making a total of $359.49, leaving balance due on this car load of lumber $68.47.

" Agreeable to conditions of order we charged you as above. Oblige us by signing and returning promptly the enclosed voucher.

" Very truly yours,
" ANACONDA COPPER MINING Co.,
" Purchasing Department,
" J. A. Dunlap, P. A."

Appellees returned the check for $68.47 sent them by appellant, as per above letter, in payment of a bill for $427.96. Appellant insisted on its position, saying, under

date of October 2, 1899, " We propose to enforce the con-
ditions of our order with you as well as with any one else."
There was some further correspondence, and under date of
November 11, 1898, over two months after receipt of the
lumber, appellant wrote that as the lumber had not been
shipped in accordance with directions, it was under no
obligation to accept it, and saying, " we hold same subject
to your order."

Appellees sued out a writ of attachment, and obtained
judgment for the full amount of their bill. From that
judgment this appeal is prosecuted.

GARTSIDE, COULTER & GWIN, attorneys for appellant.

In construing a contract which is partly written and
partly printed, if there is an inconsistency or repugnancy
between the written and the printed parts, the written
parts must control; but where no such inconsistency or
repugnancy appears, the court will make no distinction
between the written and the printed portions, but will give
effect to every part of the contract. Michaelis v. Wolf,
136 Ill. 68; Peck v. Scoville Mfg. Co., 43 Ill. App. 362;
Miller v. H. & St. J. R. R., 90 N. Y. 430.

A memorandum attached to, or written upon the mar-
gin of an instrument at the time the same was executed is
a part of the instrument. Benedict v. Cowden, 49 N. Y.
396; McLaughlin v. Atlantic Ins. Co., 57 Me. 170; War-
rington v. Early, 2 E. & B. 763; Burt v. Brewers & M. I.
Co., 9 Hun, 383; Pierce v. Charter Oak L. I. Co., 138 Mass.
151.

WICKETT, BRUCE & MEIER, attorneys for appellees; FRANK
LYNCH, of counsel.

Clauses written above the date and address of a letter
upon which a contract is written are not a part of the con-
tract, unless the attention of the parties is specifically
directed thereto, and they contract in relation thereto.
Summers v. Hibbard, Spencer, Bartlett & Co., 50 Ill. App.
381; s. c., 153 Ill. 103; Langdale v. The People, 100 Ill. 268;
Commonwealth v. Bailey, 1 Mass. 62.

Anaconda Copper Mining Co. v. Houston.

Shipping directions by a buyer to a seller are in law to be considered as a direction of a bailor to his bailee in reference to his conduct toward the property that is the subject of the bailment, and is an independent undertaking from the contract of sale. Prairie Farmer Co. v. Taylor, 69 Ill. in opinion, page 449; Palmer v. Meriden Britannia Co., 188 Ill. 522.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The contention in this case relates chiefly to that clause printed on the letter-head of appellant's letter of August 2, 1899, containing the order for the bill of lumber in controversy, which clause reads as follows : " Where goods are not routed according to shipping directions the total freight charges accruing over lines not designated will be charged to the shippers. This order to be accepted only on this condition." The shipping directions were "ship via C., B. & N. and G. H." It is urged by appellant's attorneys that by the acceptance of the order, appellees agreed to be bound by the terms and conditions of this printed clause and agreed that in case they shipped the lumber over any lines not so designated they should be charged with the total freight charges over such lines.

It is contended on the part of appellees that this printed clause was no part of the contract, on the authority of Summers v. Hibbard, Spencer, Bartlett & Co., 50 Ill. App. 381, and the same case reported in 153 Ill. 102. In that case the letter-head of the appellants therein upon which they wrote an unqualified acceptance of an order for iron, contained the words printed thereon in small type, " All sales subject to strikes and accidents." It was held that these words were inconsistent with the absolute contract contained in the written part of the same letter of acceptance, and the Supreme Court says : " Upon the whole, we are inclined to the opinion that the mere fact that the words in question were printed in the caption of the paper on which appellants wrote their unqualified acceptance of the contract proposed by appellees, did not

have the effect of reading them into the agreement thereby consummated." It was held that the fact that the printed words which were not referred to in the body of the letter, were at the head of their letter-heads would not have the effect of preventing appellants from entering into an unconditional contract of sale.

In the case at bar, the printed clause under consideration may be said to be in some measure referred to in the writing, inasmuch as the shipping directions, also at the head of the appellant's letter-head, contain a typewritten designation of certain railroads below the printed words "Ship via." It would have been easy for appellants to have added in their written order a reference to the printed condition. If, for example, in addition to the words, "Please ship to us here as soon as possible," such words as "subject to the above printed conditions," had been added, it would probably have been conceded that the printed condition would thus be made a part of the contract when the order was accepted. We are inclined to the opinion that without some such reference a printed condition should not be considered a part of the written contract where an absolute order is given in writing and accepted by the other party. But in the case at bar, there being a written designation of the shipping route at the head of the letter-sheet in close proximity to the printed condition in controversy, and there being no inconsistency between the written and printed parts of the contract, we are of opinion that the acceptance of the order, without objection by appellees, constituted an agreement to ship in accordance with the shipping directions and upon the conditions named in the printed clause under consideration. See Haddaway v. Post, 35 Mo. App. 278, and cases there cited; Michaelis v. Wolf, 136 Ill. 68–72.

It is conceded, however, that the freight rate upon this lumber was the same by either of the routes—that by which appellants directed the lumber to be shipped, and that by which it was actually shipped. Appellant suffered no damages by reason of the failure of appellees to ship the lumber in compliance with its direction. It appears, therefore, that

while there was a breach of the contract it was not vital. It is a case of *damnum absque injuria.*

This is a suit to recover the price of the lumber. It is sought to defend on the alleged ground that a condition of the contract was not complied with by the plaintiffs, appellees herein. We do not regard this as a condition precedent, but as one, the breach of which could be compensated for in damages.

Appellant has received the entire benefit of the contract without any loss or delay so far as appears. It seeks to avoid payment for goods it has received and appropriated, by taking advantage of a mistake which caused it absolutely no damage. It has received not merely a part of the consideration of the contract, but the entire consideration. Where a defendant has received even a partial benefit from the contract, and a breach may be compensated in damages, the plaintiff is entitled to recover. Boyle v. Guysinger, 12 Ind. 273; Romel v. Alexander, 46 N. E. Rep. 595; Pickens v. Bozell, 11 Ind. 275; Weintz v. Hafner, 78 Ill. 27; Bettini v. Gye, 1 Q. B. Div. 183. In the case last cited it is said the court should look to the whole contract and "see whether the particular stipulation goes to the root of the matter, so that a failure to perform it would render the performance of the rest of the contract by the plaintiff a thing different in substance from what the defendant has stipulated for; or whether it merely partially affects it and may be compensated for in damages." To hold that it was the intention of the parties in this case as a condition precedent to payment for the lumber that appellant should get it for practically nothing in case it was shipped by a route not specified, although appellant suffered no damage whatever thereby, would be to give a construction to the agreement not justified by its terms. The language of the condition in controversy is general, and does not expressly refer to any special contract of purchase and sale. It is a statement of a purpose on the part of appellants to charge to "shippers," not to appellees specifically, but to shippers in general, "the total freight charges accruing over lines not

designated." The idea conveyed by this phraseology would naturally be that if by carelessness or mistake goods should be shipped in some roundabout way over lines 'not making the most direct connection with the point of destination, any extra expense thereby incurred should be borne by the shippers; that is, they must bear the expense of their own negligence. In this case there was no such expense.

The judgment of the Circuit Court must be affirmed.